LEO. ECKERT

*v.*

J. N. GRIDLEY et al.

*Filed at Springfield September 28, 1882.*

VOLUNTARY SETTLEMENT *upon a child—what constitutes—can not be revoked.* Where a person bids off property at an administrator's sale in his own name, and pays for it with his own means, and the deed, by his consent, is made to him and his son, then twenty-four years old, and living with him, the transaction in making the deed will amount to a voluntary settlement of one-half of the property by the father upon the son, beyond the power of the former afterward to retract.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

On April 25, 1873, there was an administrator's sale of lots 2 and 3, in block 48, in Beardstown, for $364, and a deed therefor executed to Leo. Eckert and Leopold Eckert, father and son. Leopold Eckert died in 1877, and in December, 1880, the administrator of his estate filed a petition in the Cass county court for leave to sell the undivided half interest of the decedent in said lots, for the payment of debts of the estate. Thereupon Leo. Eckert filed his bill in chancery in this case for relief, the bill alleging that the purchase of the lots, at the administrator's sale above named, was made by the complainant; that he paid the purchase money, and received what he supposed to be a deed conveying the lots to himself; that the complainant and his wife are natives of Germany, and are both ignorant of the English language; that at the time of making such purchase their son, Leopold, was living at home, and usually acted as complainant's agent in transactions of this character; that after said sale Leopold and the administrator came to him, and Leopold stated that the deed was "all right," and ready to

be delivered, and that complainant then instructed his wife to pay the administrator the first payment, which she did, out of his money, and that he then executed and delivered to the administrator his two notes for the deferred payments, and that they were paid at maturity, by his wife, out of his funds; that on December 8, 1880, he discovered for the first time that the deed for said lots had been made to his son, Leopold, and himself, as tenants in common; that the deed was so made without complainant's knowledge or consent; that Leopold paid no part of the purchase money, and had no interest whatever in the lots, and that in all that Leopold did in and about said purchase, he was acting as the agent of complainant. On final hearing the circuit court dismissed the bill, and the decree was affirmed on appeal to the Appellate Court for the Third District.

Mr. R. W. MILLS, for the plaintiff in error.

Messrs. KETCHAM & GRIDLEY, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The proof shows that Mrs. Eckert, the wife of Leo. Eckert, bid off the lots at the administrator's sale of them, and gave the name of Leo. Eckert as the purchaser, and that she paid the purchase money from what the witnesses supposed to be her and her husband's funds. The taxes on the lots, after the purchase, were paid by Leo., and whatever of rents were received from the property appear to have been paid to him and his wife. There was evidence of statements by Leopold, on several occasions, that he had no property, and that he had spoken of the lots as his mother's property,—that she had bought them. In opposition to this, it appeared that a suit was brought against Leopold for a breach of promise of marriage, wherein a large judgment was recovered against him, to avoid payment of which might have furnished a

motive for his holding out the appearance that he had no property. This Eckert family, as appears, lived and worked together. Leopold, at the time of the purchase, was twenty-four years of age, and then, and afterwards until his death, lived with his parents. After the time of his marriage, which was about six months previous to his death, he and his wife occupied the house on the lots, taking their meals with the parents, at the house of the latter, on premises adjoining. The old lady appears to have been, to quite an extent, the banker of the family, for Leopold as well as for her husband, as shown in instances of her paying debts of Leopold for him.

The administrator who made the sale, after stating that Mrs. Eckert bid off the lots in the name of Leo. Eckert, says that he does not know why the deed was made to Leo. and Leopold Eckert,—that he left it to them and Mr. Arenz to make the deed. Mr. Arenz was a German, and he acted as the attorney for the administrator in the settlement of the estate which the latter represented. Mr. Arenz testifies that he wrote the deed for the lots at the instance of the parties— Leopold and Leo. Eckert; that first Leopold Eckert, a day or two after the sale, came to his office and wanted him to make the deed to his father and himself, giving as a reason that he was in partnership with his father,—that he was the only son, and they were doing business together; that witness told him that could not be done unless his father was present; that the father, Leo. Eckert, was present when the deed was executed, and at that time knew how the deed was made. He states that he conversed with Leo. Eckert in the German language; that witness prepared the administrator's report of the sale to the county court, either the next day after the sale or the day following, the report stating the lots to have been sold and conveyed to Leopold Eckert and Leo. Eckert. Leo. Eckert says that he did not direct Mr. Arenz to make the deed; that he did not consent to it; that the

deed was read to him in English; that he did not understand the language or what the deed contained, and did not know at the time that it had been made to Leopold and himself.

The property having been bid off in the name of Leo. Eckert, and he making the payment, it is unlikely that the administrator would have presumed to insert in the deed the name of Leopold Eckert as a co-grantee, without the consent of Leo. Eckert. The situation of the parties affords a reasonable explanation why Leopold should have been admitted to a share in the property.

We are of opinion the circuit court was well justified in accepting Mr. Arenz's version of the affair as the true one. The deed then would appear to have been executed in its present form with the consent of Leo. Eckert, and if so, then, even if Leo. Eckert did bid off the lots and pay for them himself, the transaction in the making of the deed would amount to a voluntary settlement of one-half of the property upon Leopold, which it would be beyond the power of Leo. Eckert afterward to retract.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*