(No. 19600.—

EMMA LINK, Appellant, *vs.* ELIZABETH D. EMRICH *et al.*
Appellees.

*Opinion filed October 19, 1929.*

OTTO A. JABUREK, and JAMES S. WIGHT, for appellant.

CHARLES F. GLAESER, and JOSEPH G. SHELDON, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Emma Link filed a bill in the circuit court of Cook county to establish a resulting trust for her benefit in certain real estate in Chicago, the title of which was held in joint tenancy by the complainant and her daughter, Elizabeth D. Emrich. A demurrer was sustained to the bill, the complainant elected to stand by it, the court dismissed it for want of equity, and the complainant has appealed.

The bill alleged that the complainant in 1878 was married to Henry Eberhardt, who died on January 16, 1906, leaving the complainant his widow, and their two children, Henry Eberhardt and Elizabeth D. Emrich, who is now the wife of Frank J. Emrich. The complainant married John Link on July 25, 1906. At that time she was the owner of some real estate which was afterward sold, and she held the proceeds until March 17, 1916, when she purchased the real estate here involved for $9000, $6000 of which she paid in cash and $3000 was represented by a mortgage on the premises. She caused the premises to be conveyed to herself and her daughter, Elizabeth, in joint tenancy, "with the mutual understanding and agreement by said Elizabeth D. Emrich that she would convey the interests in said premises so acquired at any time on request" of the complainant; that afterward the complainant paid $1000 on the mortgage debt, and she and her daughter executed a trust deed of the premises on May 29, 1926, to Jule E. Eitel, trustee, to secure the complainant's note for the remaining $2000, due three years after date, and the former mortgage was released; that complainant had been in possession of and managed the premises at all times since their purchase, had collected all rents, paid for all repairs and improvements, paid all taxes and assessments and all other expenses; that she rented a part of the premises to her daughter and her husband for about a year and a half for $28 a month, which they paid; that John Link, the complainant's

husband, died on October 5, 1924, and in February, 1926, Elizabeth D. Emrich requested of the complainant to live with the complainant in the flat occupied by the complainant in the premises, paying the coal, gas and electric light bills and providing board for the complainant for the rent of the flat, to which the complainant agreed, and her daughter and her husband moved into the flat in pursuance of such agreement and have ever since been living in the flat under that agreement; "that the title to said premises was conveyed to said Elizabeth D. Emrich as joint tenant as aforesaid in trust for the use and benefit of your oratrix, and that said Elizabeth D. Emrich at no time claimed to have any interest in said premises except as trustee as aforesaid until some time in the month of January, 1928, at which time your oratrix requested said Elizabeth D. Emrich to convey to your oratrix her title to the aforesaid premises so that your oratrix might more conveniently deal with the same; that said Elizabeth D. Emrich thereupon refused to make such a conveyance to your oratrix and has ever since refused so to do or to give any reason to your oratrix for such refusal. Your oratrix further represents that by means of the premises the said interest in said premises, as joint tenant of said premises, is held by the said Elizabeth D. Emrich merely as a trustee for your oratrix and that your oratrix is entitled to a conveyance of the same; and that your oratrix is ready and willing, and hereby offers, to do anything in the premises that equity may require."

The defendants assigned as one ground of demurrer that it does not appear from the bill that the alleged mutual understanding and agreement by the defendant Elizabeth D. Emrich that she would convey the interest in said premises so acquired at any time on the request of the complainant was evidenced in writing, and the defendants therefore claimed the benefit of the Statute of Frauds. The benefit of the Statute of Frauds as a defense can be taken

by demurrer only when it affirmatively appears from the bill that the agreement relied on was not evidenced by a writing duly signed. (*Speyer* v. *Desjardins,* 144 Ill. 641; *Hamilton* v. *Downer,* 152 id. 651; *Fowler* v. *Fowler,* 204 id. 82.) This cause of demurrer was, therefore, not well taken.

The appellant has made no claim in her argument here under the express promise of her daughter to convey the premises at any time on her mother's request. On the contrary, the three propositions which are argued in the appellant's brief are: "(1) If a resulting trust would otherwise arise, an oral agreement made at the time will not invalidate it; (2) the interest of a joint tenant may be subject to a resulting trust; (3) the bill sufficiently rebuts the presumption of advancement." The first of these propositions is supported by the citation of half a dozen decisions, and there is no doubt that it is a correct statement of the law. The second proposition is equally clear. It was originally held otherwise, (1 Perry on Trusts, sec. 145; *Stileman* v. *Ashdown,* 2 Atk. 480; *Pole* v. *Pole,* 1 Ves. 76;) but the later decisions have established that a purchase by a father in the joint names of himself and his son, or of his son and a stranger, is an advancement and no trust results. *Dummer* v. *Pitcher,* 2 M. & K. 272; *Grey* v. *Grey,* 2 Swans. 599; *Back* v. *Andrews,* 2 Vern. 120; *Scroope* v. *Scroope,* 1 Ch. Cas. 27; *Thompson* v. *Thompson,* 1 Yerg. 97; *Hayes* v. *Kingdome,* 1 Vern. 34; *Kingdon* v. *Bridges,* 2 id. 67; *Lamplugh* v. *Lamplugh,* 1 P. Wms. 111.

The appellees contend that the fact that the conveyance was made to the appellant and her daughter in joint tenancy renders the doctrine of resulting trust inapplicable to the case, and cite the cases of *Lux* v. *Hoff,* 47 Ill. 425, and *Doyle* v. *Doyle,* 268 id. 96, neither of which sustains the contention. In the first of these cases a husband and wife in 1856 purchased with money of the wife real estate which was conveyed to the two, thus creating in them a tenancy

by entireties—an estate which had not then been abolished by statute as it has since been. The wife died, and her son by a former marriage, who, except her surviving husband, was her only heir, brought suit for the partition of the land. It was held that no trust resulted, not because of the form of the conveyance but because the wife had the right to confer upon her husband an interest in the land of such kind as she chose, and there was no evidence of an intention to create a trust. This was in accordance with the rule that where the conveyance is to a husband or wife or child, and there is nothing else to disclose the intention of the purchaser, the law presumes a gift was intended. (*Walz* v. *Walz*, 325 Ill. 553; *Hartley* v. *Hartley*, 279 id. 593; *Schultz* v. *Schultz*, 274 id. 341.) In the other case cited the conveyance was made to the husband and wife as tenants in common. The consideration was $7000 but only $3000 was paid in cash, and the evidence left in doubt the question whether it was the husband or the wife whose money paid the $3000. The court held that if the $3000 belonged to the wife, the making of the deed, with the wife's consent, to her husband and herself was a voluntary gift to the husband, but if there was a dispute as to how much of the money belonged to each, the plan adopted of making the deed settled the dispute and adjusted all differences on that subject. In the cases of *Walz* v. *Walz, supra, Partridge* v. *Berliner,* 325 Ill. 253, and *Crysler* v. *Crysler,* 330 id. 74, the doctrine of resulting trust was recognized as applying to a conveyance made to the purchaser and his wife as joint tenants.

The appellant's third proposition raises the question whether the bill rebuts the presumption that the conveyance to the daughter was intended to be a gift. Between strangers the necessary facts to establish a resulting trust are the payment of the purchase money by one person and the conveyance of the title to another. Between husband and wife or parent and child the rule is different. Where

the purchase is by a husband or parent and the conveyance is to the wife or child the law is well established that a gift will be presumed to have been intended by the purchaser to the grantee. In such case the further fact is necessary to the establishment of the trust that it was the intention of the parties that the deed was not to operate as a gift or advancement but that the grantee took the title conveyed in trust for the husband or parent. Whether a purchase in the name of the wife or a child is an advancement or not is a question of pure intention. (*Bachseits* v. *Leichtweis*, 256 Ill. 357; *Brennaman* v. *Schell*, 212 id. 356; *Wormley* v. *Wormley*, 98 id. 544; 1 Perry on Trusts, sec. 147.) It is presumed in the first instance to be a provision or settlement. Such presumption may, however, be rebutted by evidence showing that at the time of the conveyance of the legal title it was the intention of the husband or parent that the wife or child should not take the beneficial interest. Such intention may be shown by proof of antecedent or contemporaneous acts or facts, or of acts or facts occurring so soon after the purchase as to be fairly considered parts of the transaction. It may be shown that the conveyance was not intended to be an advancement by such proof of acts and circumstances as clearly indicates that the intention was not to make an advancement. (*Brennaman* v. *Schell, supra; Dorman* v. *Dorman*, 187 Ill. 154; *Johnston* v. *Johnston*, 138 id. 385.) The bill alleges that the appellant caused the premises to be conveyed to herself and her daughter in joint tenancy with the mutual understanding and agreement by the daughter that she would convey the interests in said premises so acquired at any time on request of her mother. This mutual understanding and agreement was inconsistent with the interest of the daughter being regarded as held otherwise than for her mother's benefit and with their regarding the interest in the land conveyed to the daughter as a gift or advancement to her.

Other circumstances are alleged which have been set out in regard to the occupation and use of the property (the payment of taxes, the payment of the mortgage on the premises, the renting of a part of the premises to the daughter and collecting rent from her,) tending to show the claim of ownership by the mother and the acquiescence in such claim by the daughter. The allegations of the bill are sufficient to require an answer from the defendants, and the demurrer to it should have been overruled.

The decree is reversed and the cause remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*