(No. 34057.—

HERMAN H. MOORE, Appellant, *vs.* CALVIN B. MOORE *et al.,*
Appellees.

*Opinion filed November 26, 1956.*

WILLIAMS AND HARTZELL, of Carthage, and SCHMIEDES-KAMP & DEEGE, of Quincy, (HOWARD L. SNOWDEN, of counsel,) for appellant.

T. MacDOWNING, of Macomb, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The circuit court of Hancock County dismissed a complaint to establish a resulting or constructive trust at the close of the plaintiff's case, and he appeals.

Herman H. Moore, the plaintiff, is a son of Jessie Moore West. The defendants are Calvin B. Moore and Kathryn V. Moore Bender, his brother and sister. In 1941, Jessie Moore West bought the property in question. She paid the entire purchase price, but the deed ran to Jessie Moore West, Calvin B. Moore and Kathryn V. Moore, "not as tenants in common, but as joint tenants, so that upon the death of one the entire fee simple shall vest in the survivors." The mother, Jessie Moore West, paid the costs of maintaining the property and exercised dominion over it. She died intestate in 1954, and the plaintiff and the defendants are her heirs-at-law.

These allegations of the complaint were admitted, and upon them plaintiff claims that a resulting trust arose in the mother, Jessie Moore West. It is true that one person has here furnished the consideration for a conveyance of land, title to which has been taken in the name of others. To that extent the requirements of a resulting trust are met. (*Bowman* v. *Pettersen*, 410 Ill. 519.) But the additional

grantees here are children of the purchaser, and the presumption of a gift intervenes. *Houdek* v. *Ehrenberger*, 397 Ill. 62, 67.

Plaintiff argues that the presumption of gift operates only when the donor is legally responsible for the support of the donee, and points to testimony that Calvin was 39 years old, and Kathryn 24, when the conveyance was made. For this proposition he relies on language used in *Wright* v. *Wright*, 242 Ill. 71, *Lutyens* v. *Ahlrich*, 308 Ill. 11, and in other cases in which a wife furnished the consideration, and title to the property was taken in the name of her husband. In those cases no presumption of gift was found to exist, and in reaching that conclusion the court emphasized the absence of a duty to support.

Our decisions involving the presumption of gift from parent to child, however, have not drawn the distinction that plaintiff urges. The presumption has been applied in many cases involving adult sons or married daughters. (See, *e.g., Link* v. *Emrich*, 346 Ill. 238, 336 Ill. 337; *Houdek* v. *Ehrenberger*, 397 Ill. 62; *Francis* v. *Wilkinson*, 147 Ill. 370; *Eckert* v. *Gridley*, 104 Ill. 306.) The presumption has been held to arise when the transferee is the natural object of the bounty of the person paying the purchase price. "It is immaterial that the child is an adult." (Restatement of the Law of Trusts, sec. 442, *Comment a.*) That the mother paid maintenance costs and exercised dominion over the property after the conveyance did not negative the presumption. *Houdek* v. *Ehrenberger*, 397 Ill. 62, 68; *Hartley* v. *Hartley*, 279 Ill. 593; *Dorman* v. *Dorman*, 187 Ill. 154; *Pool* v. *Phillips*, 167 Ill. 432.

Since the presumption of a gift has not been met, plaintiff has failed to establish a resulting trust.

Standing alone, the testimony in support of plaintiff's claim of a constructive trust is patently insufficient, but plaintiff argues that when it is considered in connection with certain allegations of the complaint that he contends

were admitted, it is sufficient to establish a constructive trust. To understand the contention it is necessary to describe the state of the pleadings.

The complaint consisted of two alternative counts, the first count asserting a resulting trust, and the second a constructive trust. As originally filed, neither count stated a cause of action, and no responsive pleading was filed. Thereafter the plaintiff filed a document captioned "Amendments to Complaint." Although this document struck the two key paragraphs of each count, and substituted new ones, it did not strike every paragraph of each count.

Defendants' answer was called "Answer to the Complaint as Amended," but it clearly appears to have been addressed to the "Amendments to Complaint" rather than to the original complaint as amended, for it made no reference to counts and it answered only the four paragraphs of the "Amendments to Complaint."

Plaintiff's arguments, based on the confused state of the pleadings, simmer down to the proposition that paragraph 3 of count 2 of the original complaint was either expressly admitted or, under section 40 of the Civil Practice Act, (Ill. Rev. Stat. 1955, chap. 110, par. 40,) must be considered as admitted because it was not explicitly denied. That paragraph alleged that at the time of the execution of the deed Jessie Moore West was of impaired and feeble health in mind and body "and was mentally incompetent to direct that her name be placed in said deed as the sole grantee thereof, by reason of mental sickness which rendered her feeble minded at the time of the execution of the deed in question, and that by reason of her physical and mental infirmities at the time of the execution or purported execution of said deed she was easily persuaded and not in a condition to understand her rights or the nature or quality" of the deed.

There was no express admission of the allegations of this paragraph, for the answer referred only to the four

numbered paragraphs in the "Amendments to Complaint" and was not addressed to the paragraphs of the original complaint. Nor was there an admission by failure to deny. Paragraph 4 of the "Amendments to Complaint" alleged that the defendants advised Jessie Moore West in her business and affairs, that she depended on them, that she was unduly influenced by them, "and was in no way competent to understand the nature and purport of said deed and * * * of the insertion of the names of said defendants * * * as grantees with her in said deed * * * in joint tenancy." All of these allegations were expressly denied. The denial of the allegation of a lack of mental ability to understand the nature and purport of the deed was sufficient to require proof. It is immaterial that what is essentially the same allegation was not denied when it appeared, differently phrased, in the other of the two separate documents that together made up the complaint.

There was no proof whatever of any mental disability on the part of Jessie Moore West. It might be argued that the testimony of the plaintiff that both he and his brother, at unspecified times, called the doctor for her, brought groceries for her, and helped her about the house, suggests physical disability at the time of the conveyance. But that testimony does not touch the question of her mental competence. A fiduciary relation does not exist just because the parties are parent and child, (*Niland* v. *Kennedy,* 316 Ill. 253,) nor does the testimony of plaintiff's wife that on one unspecified occasion the defendant, Calvin B. Moore, went to the bank for his mother at her request tend to establish such a relation here.

The circuit court properly dismissed the complaint at the close of plaintiff's case.

*Decree affirmed.*