Paul Gardner, Plaintiff-Appellant, v. The Northern Trust Company and Miriam Gardner Steinman, as Executors of the Estate of Hattie G. Gardner, Deceased, and Miriam Gardner Steinman, Individually, Defendants-Appellees.

**Gen. No. 47,825.**

First District, Second Division.

March 8, 1960.

Released for publication April 22, 1960.

Fischel, Kahn, Heart, and Weinberg, of Chicago (Jack A. Diamond and Gerald A. Gitles, of counsel) for plaintiff-appellant.

Hoffman and Davis, of Chicago (Maurice L. Davis and David I. Hoffman, of counsel) for defendants-appellees.

JUSTICE BURMAN delivered the opinion of the court.

This is an action to impose a constructive trust on, and recover money from plaintiff's step-mother's estate. Defendants' motion to strike the complaint and dismiss the suit was sustained. Plaintiff appeals.

■ The well pleaded facts are admitted by the motion. Paul Gardner, plaintiff, and defendant, Miriam G. Steinman, were legally adopted by David S. Gardner and his then wife, Lila, who were subsequently divorced. Thereafter, David S. Gardner and Hattie G. Gardner were married. She did not adopt the children and they are not her heirs at law. David S. Gardner died intestate on May 21, 1919, leaving surviving as his only heirs at law, Hattie G. Gardner, his widow; Paul Gardner and Miriam, his two adopted children. Hattie G. Gardner was appointed administratrix and in that capacity operated the business of the deceased which consisted of manufacturing, selling and distributing punch boards under the name and style of Gardner and Company. On her recommendation the court appointed three appraisers who appraised the business at the value of $22,428.39. She managed the business from June 6, 1919, to February 9, 1920. On February 13, 1920, with leave of court she resigned as administratrix stating that the management of the business was too onerous and at her nomination Sam E. Spiesberger was appointed Administrator de bonis non.

On March 5, 1920, Hattie G. Gardner, filed her final account stating the operation of the business resulted in a net profit of $43,663.47, which was approved by the court. The management of the business was then

turned over to Spiesberger. On March 8th, 1920, Spiesberger, as Administrator de bonis non was given leave, at his request, to sell the business at public or private sale at a price not less than the appraised value. On the same day he sold the business with all the chattels, letters patent used in the operation, good will and trade name for the sum of $22,428.39, its appraised value, to Hattie G. Gardner at a private sale. His report of sale was approved by the Probate Court. On June 4, 1920, Spiesberger filed a supplemental inventory, listing additional patents for the novelty business which was approved without prejudice to the sale to the widow, for which she paid no additional compensation.

Plaintiff brings this action to recover; (a) one-third of the difference between the fair value of the business of Gardner Company and the actual price paid; (b) to recover one-third of the profits realized by Hattie G. Gardner from the operation of the business during her lifetime.

The sale complained of occurred in 1920. The plaintiff attained his majority in 1933. The complaint alleges that Hattie G. Gardner managed the business after her purchase for a number of years and does not state the date of sale by her. Presumably it must have been some time before her death. Plaintiff took no steps to assert his claim and waited for over twenty years after he left the residence of his step-mother who passed away in 1957. He filed this suit in 1958. The court could not have the benefit of her testimony.

In support of his claim, plaintiff contends that a fiduciary relationship existed between him and his step-mother in her dealings with his father's estate; that the fiduciary relationship was breached because of the "inadequacy" of the purchase price; and that a constructive trust should be imposed on his step-mother's estate.

■ The mere existence of a parent and child relation or any other family relation, does not, as a matter of law, create a confidential and fiduciary relationship. Klass v. Hallas, 16 Ill.2d 161. Lux v. Lelija, 14 Ill.2d 540. Moore v. Moore, 9 Ill.2d 556. Hattie G. Gardner did not presume without authority to act as guardian of the plaintiff and therefore the cases cited by plaintiff where a parent takes control of a minor child's estate without appointment of court do not apply.

Plaintiff argues that the sale to Hattie G. Gardner was induced by false and fraudulent representations which grossly misled the probate judge as to the financial condition of the business and its assets and prospective earnings and as to the value of the business, and if the business had been sold at public sale it would have brought considerably more money. Every material fact needed to disclose the true state of affairs in regard to the sale of the business to Hattie G. Gardner in 1920 was, and is, a matter of public record.

■ The Probate Court of Cook County acting through the Administrators de bonis non was the seller, and Hattie G. Gardner was the purchaser. There is no allegation in the complaint that the representation of figures presented to the court as to the earnings of the business and the assets were fraudulent. The minors were represented by a Guardian ad Litem who approved the sale. We are satisfied that the complaint does not state facts that would constitute a breach of a fiduciary relationship which would result in a constructive trust.

For the reasons stated the Circuit Court properly dismissed the complaint.

Affirmed.

MURPHY, P. J. and KILEY, J., concur.