BENJAMIN R. DORMAN *et al.*

*v.*

M. L. DORMAN *et al.*

*Opinion filed October 19, 1900.*

1. TRUSTS—*resulting trust arises by implication of law.* As between strangers, the law implies a resulting trust where one pays the purchase money but the conveyance of title is to another; but if the payment is by a husband and the title is conveyed to the wife the law presumes that the transaction was intended as an advancement, which presumption, however, may be rebutted by parol evidence, if clear and satisfactory.

2. SAME—*what evidence sufficient to overcome presumption of gift.* Evidence that the husband paid the purchase money, took possession, made improvements, paid the taxes and occupied the property as a home, at all times controlling and managing it as his own, is sufficient, when coupled with the wife's admission that she held the legal title in trust for her husband and the fact that the property constituted the bulk of his estate, to overcome the presumption that the conveyance to the wife was intended as a gift.

3. LACHES—*laches will not be imputed to one in possession.* A husband who enters upon land purchased by him and who remains in the undisturbed possession thereof, both before and after the death of his wife, who held the legal title, is not chargeable with *laches* in asserting a resulting trust, since his possession is notice to the world of all his rights.

4. PLEADING—*defendant in chancery must set up defenses by answer.* A defendant in chancery cannot avail himself of defenses appearing from the evidence but not set up in his answer, and hence unless the answer to a bill by a husband seeking a conveyance to him of a legal title standing in his wife's name contains an allegation that the title was put in the wife's name to hinder or delay creditors of the husband, that question will not be considered.

APPEAL from the Circuit Court of Christian county; the Hon. WILLIAM M. FARMER, Judge, presiding.

This is a bill in equity filed by Benjamin R. Dorman and Alonzo H. Ranes, against Martin L. Dorman, Eva Dorman, Galen Dorman, R. I. Smith and C. B. Klinefelter, for the partition of an eighty-acre tract of land located in Christian county. The bill, as finally amended and as

it stood at the time of the trial, alleged that Mary A. Dorman was the owner of the premises in question; that she died in the year 1878, leaving her surviving Martin L. Dorman, her husband, and Benjamin R. Dorman, Galen Dorman and Eva Dorman, as her children and only heirs-at-law; that on August 28, 1897, Benjamin R. Dorman conveyed an undivided two-fifths of his interest in the premises to Alonzo H. Ranes; that R. I. Smith had a judgment for $99.80 and costs against Benjamin R. Dorman, and that C. B. Klinefelter was a tenant living on the land, and prayed for an assignment of dower and the partition of the land.

Martin L. Dorman, Eva Dorman and Galen Dorman filed joint and several answers, denying that Mary A. Dorman in her lifetime was the owner of the premises, and averring that during her lifetime and at the time of her death she held the legal title thereto in trust for the use and benefit of Martin L. Dorman, as the equitable owner thereof.

Martin L. Dorman filed a cross-bill, averring that in December, 1873, he purchased the premises from one A. J. Willey and received a contract for a deed; that in February, 1875, he had fully completed the payment of the purchase money therefor and was entitled to a deed; that at that time he made a verbal contract with Mary A. Dorman, his wife, that the land should be deeded by Willey to her, the same to be held by her in trust for his use and to be conveyed to him by her upon request; that pursuant to such contract, and in accordance with the terms thereof, Willey conveyed the premises to her; that she did not record the deed therefor, did not claim to own the land and did not exercise any authority over the same; that he paid the consideration for the purchase of the land; that upon its purchase he took immediate possession thereof; that he had made lasting and valuable improvements thereon, and had been in the possession thereof, received the rents and profits therefrom, paid the

taxes thereon and been recognized as the owner thereof from the time of the purchase until the bringing of this suit; that Mary A. Dorman died on July 18, 1878, without having conveyed the premises to him; that he was the equitable owner thereof, and that Mary A. Dorman had no interest therein but held the same in trust for him. Benjamin R. Dorman, Alonzo H. Ranes and R. I. Smith answered the cross-bill, setting up the Statute of Frauds, the Statute of Limitations and *laches.*

The court dismissed the original bill, sustained the cross-bill and decreed Martin L. Dorman to be the equitable owner of the premises; that he be invested with the legal title thereto, and that the deed from Benjamin R. Dorman to Alonzo H. Ranes be canceled as a cloud upon his title. To reverse this decree the complainants have prosecuted this appeal.

JOHN E. HOGAN, for appellants:

Parol evidence should not be received to change a written contract or deed. *Gardt* v. *Brown,* 113 Ill. 475.

A purchaser, or one holding under him, for a valuable consideration, without notice of defect in title, acquires a good and valid title. *Robbins* v. *Moore,* 129 Ill. 30.

A person, for an unreasonable delay in asserting title, is estopped by reason of *laches* from asserting a resulting trust against real estate. *Collier* v. *Beers,* 106 Ill. 150.

All express trusts created by parol are void. *Loomis* v. *Loomis,* 28 Ill. 454; *Alexander* v. *Tams,* 13 id. 221; *Green* v. *Cook,* 29 id. 193.

A parol agreement between grantor and grantee, whereby the latter is to hold the land in trust for the grantor or re-convey to him upon a certain contingency, cannot be enforced as against a plea of the Statute of Frauds. *Williams* v. *Williams,* 180 Ill. 361.

A resulting trust arises, if at all, at the time the deed is taken and upon the facts then existing. *Reed* v. *Reed,* 135 Ill. 487; *Koster* v. *Miller,* 149 id. 200.

Equity will not entertain a bill to enforce a resulting trust where land is purchased with complainant's money and taken in the name of the defendant to defraud creditors. *Redmond* v. *Packenham,* 66 Ill. 434.

The purchase of land in the name of the wife will *prima facie* be presumed as an advancement or settlement, and not a trust. *Goelz* v. *Goelz,* 157 Ill. 45.

CHARLES H. SHAMEL, and JOHN B. COLEGROVE, for appellees:

Possession is notice to the world of the rights of the holder, and *laches* by delay in asserting a legal right will not be imputed to one who has possession of the premises in question. Therefore the action is not barred by the Statute of Limitations or by supposed *laches. McNamara* v. *Garrity,* 106 Ill. 384; *King* v. *Hamilton,* 16 id. 195; *Reeves* v. *Ayres,* 38 id. 418; *McManus* v. *Keith,* 49 id. 388.

Possession is notice of a trust. Perry on Trusts, secs. 223-229; *Thomas* v. *Burnett,* 128 Ill. 43; *Parker* v. *Shannon,* 137 id. 393; *Springfield* v. *Roll,* 137 id. 215.

An express trust, not in writing, is good except where the Statute of Frauds is specially pleaded. But an oral express trust will be taken out of the operation of the Statute of Frauds by (1) furnishing the consideration, (2) the making of valuable and permanent improvements, and (3) possession and payment of taxes. *McNamara* v. *Garrity,* 106 Ill. 384; *Kurtz* v. *Hibner,* 55 id. 514; *Pickrell* v. *Morss,* 97 id. 220; *Hawkins* v. *Hunt,* 14 id. 42; *Keys* v. *Test,* 33 id. 316; *Bright* v. *Bright,* 41 id. 97; *Blunt* v. *Tamlin,* 27 id. 93; *Tyler* v. *Eckhart,* 1 Bin. 378; *Mason* v. *Blair,* 33 Ill. 194.

Where land is paid for with the money of one person and the title taken in the name of another, such other person holds the land in trust for the one who furnished the consideration. *Mayfield* v. *Forsyth,* 164 Ill. 32; *Emmons* v. *Moore,* 85 id. 304; *VanBuskirk* v. *VanBuskirk,* 148 id. 9.

There is a well recognized exception to the rule where the conveyance is made to a wife or child. In such a

case, in the absence of evidence on that point, the law presumes it to have been the intention of the parties that it is an advancement.    But such presumption may be rebutted by evidence that the intention of the parties was otherwise.    It depends wholly on the intention of the grantor.    It is to this intention that the presumption relates, and if the evidence shows that it was not the intention of the parties that property conveyed to a wife or child should be an advancement or gift, then the presumption is wholly overcome and the general rule prevails, which, under the facts in this case, makes it a trust.    *Smith* v. *Smith,* 144 Ill. 299;   *Maxwell* v. *Maxwell,* 109 id. 588;   *Taylor* v. *Taylor,* 4 Gilm. 303;   *Pool* v. *Phillips,* 167 Ill. 432;   *Reed* v. *Reed,* 135 id. 482.

A parol agreement to create an express trust will not aid or prevent a resulting trust if the facts are such as produce the implication of law from which a resulting trust arises.    *Furber* v. *Page,* 143 Ill. 622;   *Smith* v. *Smith,* 85 id. 189;   *Williams* v. *Brown,* 14 id. 202;   *Wallace* v. *Carpenter,* 85 id. 590;   *McNamara* v. *Garrity,* 106 id. 384.

Mr. JUSTICE HAND delivered the opinion of the court:

The evidence in this case clearly establishes that Martin L. Dorman purchased the land in the year 1873 from A. J. Willey; that he paid the consideration therefor, but at the time the deed was made the title thereto, at his request, was conveyed to Mary A. Dorman, his wife.    A resulting trust arises, by implication of law, from the acts of the parties.   (1 Perry on Trusts, sec. 134; *Donlin* v. *Bradley,* 119 Ill. 412;   *VanBuskirk* v. *VanBuskirk,* 148 id. 9.)   When the evidence shows the payment of the purchase money by one and the conveyance of the title thereby purchased to another, between parties who are strangers to each other, the law so construes these two facts as to make them constitute a resulting trust.   (*Smith* v. *Smith,* 85 Ill. 189;   *VanBuskirk* v. *VanBuskirk, supra.*)   If the legal title is taken in the name of the wife such im-

plication does not arise, it being the presumption that the same was intended as an advancement. (*Smith* v. *Smith*, 144 Ill. 299.) Such presumption may, however, be rebutted by parol testimony, if the same is clear and satisfactory. Thus, it is said in Perry on Trusts (sec. 147): "Whether a purchase in the name of a wife or child is an advancement or not is a question of pure intention, though presumed, in the first instance, to be a provision and settlement; therefore any antecedent or contemporaneous acts or facts may be received either to rebut or support the presumption, and any acts or facts so immediately after the purchase as to be fairly considered a part of the transaction may be received for the same purpose." The rule thus announced has been fully recognized by this court in numerous cases. *Taylor* v. *Taylor*, 4 Gilm. 303; *Adlard* v. *Adlard*, 65 Ill. 212; *Wormley* v. *Wormley*, 98 id. 544; *Johnston* v. *Johnston*, 138 id. 385; *Smith* v. *Smith*, 144 id. 299; *Goelz* v. *Goelz*, 157 id. 33; *VanBuskirk* v. *VanBuskirk*, 148 id. 9; *Pool* v. *Phillips*, 167 id. 432.

The controlling question in this case is, did Martin L. Dorman, at the time he caused the title to this land to be placed in his wife, intend to make an absolute gift of the property to her, or was it his purpose that she should simply hold the title for him? The presumption is he intended the same as an absolute gift. The burden of proof is upon him to overcome such presumption.

We have examined the record in this case with much care and are fully convinced that Martin L. Dorman never intended to give this property to his wife, but that he took the title in her name with the understanding and expectation that she would re-convey the same to him on request. It clearly appears from competent and credible evidence that Martin L. Dorman took possession of the property almost immediately after the purchase; that he made permanent and lasting improvements, paid the taxes and after a time occupied it with his family as a home; that he at all times controlled and managed it as

his own, and that his wife recognized his right so to do, and at least on one occasion stated that the land was deeded to her in trust and that she intended to deed it back to her husband; that this property constituted the principal part of his entire estate, and that he had a family of small children dependent upon him for support. The facts that the husband may have taken possession of the land, improved it, paid the taxes thereon and occupied it with his wife as a homestead would not be sufficient, alone, to overcome the presumption of a gift, for the reason there is nothing in these facts inconsistent with the theory of an advancement; still, we think these facts, taken in connection with the admission of the wife that she held this property in trust for the benefit of her husband, and the further fact that this property, at the time of the conveyance, constituted the bulk of his estate, sufficient to rebut the presumption of an advancement.

Martin L. Dorman had been in possession of the property from the time of the purchase thereof, and his right to use and possess the same seems never to have been called in question until a short time before the filing of the original bill. His possession was notice to the world of all his rights, and *laches* cannot be imputed to him. *Wormley* v. *Wormley*, 98 Ill. 544; *McNamara* v. *Garrity*, 106 id. 384.

It is contended by appellants that a court of equity is powerless to grant relief in cases of this character. This court has heretofore, in a number of cases where the facts are substantially as here established, granted relief similar to that prayed for in the cross-bill herein. *Adlard* v. *Adlard*, 65 Ill. 212; *Wormley* v. *Wormley*, 98 id. 544; *Stone* v. *Wood*, 85 id. 603; *Pool* v. *Phillips*, 167 id. 432.

It is further contended by counsel for appellants that Martin L. Dorman caused the property to be conveyed to his wife to hinder or defraud or delay his creditors. It is undoubtedly the law that where a conveyance has been made for such purpose equity will not interpose to

restore to the grantor or his heirs the title to the property so fraudulently conveyed. (*Dunaway* v. *Robertson,* 95 Ill. 419; *Francis* v. *Wilkinson,* 147 id. 370; *McElroy* v. *Hiner,* 133 id. 156.) But no such issue is made by the pleadings in this case, and that question is not before us. Martin L. Dorman charged in his cross-bill that the property was purchased with his money, and that Mary A. Dorman, at the time of her death, held the same in trust for his benefit. There is no allegation in the answer to the cross-bill that the title to this property was conveyed to Mary A. Dorman for the purpose of hindering or delaying or defrauding the creditors of Martin L. Dorman. This court held in *Crone* v. *Crone,* 180 Ill. 599, which was a bill to enforce a resulting trust, that a defendant in chancery is bound to apprise the complainant of the nature of his defense, and cannot avail himself of matters of defense appearing from the evidence but not set up in the answer, and refused to consider the question whether or not the property had been conveyed to defraud creditors as the answer contained no such allegation, although the evidence tended to show that fact.

We do not deem the question of the competency of Martin L. Dorman as a witness in his own behalf of any importance. The court seems to have limited his testimony to transactions which took place after the death of his wife. As the trial was before the court and there is ample evidence in the record to sustain the decree without the consideration of his testimony, we will presume the trial court considered only such testimony as was competent and disregarded such as was incompetent.

The decree of the circuit court will be affirmed.

*Decree affirmed.*