BUCKNELL, Appellant, v. JOHNSON et al., Respondents.

(163 N. W. 683.)

(File No. 3980.   Opinion filed July 5, 1917.)

1.  **Trusts—Resulting Trust—Title in Purchaser's Wife's Name—Purchase, for Wife's Benefit?—Presumption, Trust—Rebuttal Evidence, Competency—Statute Construed.**

Under Rev. Civ. Code, Sec. 303, providing that when a transfer of realty is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of him by or for whom such payment is made, held, that such presumption is not a conclusive legal presumption; and in case where plaintiff paid the purchase money of realty, by assuming mortgage thereon for part of purchase price, and payment of the balance in money, proceeds on a loan on plaintiff's other land, the title being intentionally taken in name of purchaser's wife, for the purpose of making proper provision for her comfort and support, plaintiff's testimony showing that certain permanent improvements were placed on the land, the reasonable value of which not being shown nor whether they were made before or after death of the wife, nor from what source funds were obtained to pay therefor, the deed conveying the title containing a recital that consideration was paid by the wife and that she assumed payment of the outstanding mortgage against the land, held, further, that the statutory presumption could be rebutted by evidence showing that as a matter of fact plaintiff intended the property to be a provision for the comfort and support of his wife.

2.  **Same—Resulting Trust—Realty Title in Purchaser's Wife—Presumption of Resulting Trust—Disputing Presumption—Burden of Proof, Shifting of—Conflicting Evidence—Presumption, Evidential Status of.**

In construing a transaction of purchase by a husband of realty which was placed in the wife's name, the deed reciting that consideration was paid by the wife and that she assumed payment of an outstanding mortgage against the land as part of purchase money, the undisputed evidence showing the consideration was in fact paid by the husband, held, that the presumption, under Rev. Code, Sec. 303, of a resulting trust in favor of

him by or for whom the purchase money was paid, is such that, in dealing with the evidence in the case, when a disputable presumption has been made by proofs and the burden shifted, conflicting evidence is to be waived and verdict rendered in favor of him whose proofs have most weight; in which process the presumption of law loses what it had of arbitrary power, and must be regarded and valued, and given effect, only as it has evidential character; that primarily the rebuttable legal presumption affects only the burden of proof, but if that burden is shifted back upon him from whom it first lifted it, a presumption is of value only as it has probative force; unless the evidence is evenly balanced, in which event the arbitrary power of the legal presumption would settle the issue in favor of the proponent of the presumption.

3. Same—Resulting Trust—Realty Title in One Person, Consideration Paid by Another—Trust, In Whose Favor?—Burden of Proof, Shifting of.

Under Civ. Code, Sec. 303, held, that when a transfer of realty is shown to have been made to one person and the consideration thereof shown to have been paid by or for another, such facts standing alone sufficiently establish a resulting trust in favor of him paying the consideration, and shift burden of proof on the party denying the existence of a trust.

4. Same—Resulting Trust—Title in Wife, Consideration Paid by Husband—Whether a Trust, or Provision for Wife's Support?—Burden of Proof.

Where the purchase money of realty was paid by the husband, and by his direction title was vested in the wife, the burden of proof rests upon husband to show by satisfactory and explicit proof that he intended to and did cause the title to be vested in his wife as a trust, and not as a provision for her comfort and support. So held, construing Civ. Code, Sec. 303.

5. Same—Resulting Trust—Realty Title in Wife, Consideration Paid by Husband—Beneficial Ownership—Burden of Proof—Evidence, Sufficiency.

Where the evidence showed plaintiff, who purchased land and had the title thereto placed in his wife, he paying purchase price by assuming and afterwards paying a mortgage thereon for part of purchase price, and paying balance of purchase money by mortgaging other land, held, that, in determining whether, under Civ. Code, Sec. 303, there was or not a resulting trust in favor of wife, the decisive question of fact is whether plaintiff intended the title should convey beneficial ownership to his wife; and, plaintiff having testified that title was so taken as a mere matter of convenience to him, that he

was in debt to a considerable extent, could not pay just then, was afraid parties whom he owed might make trouble; a witness testifying that in a conversation between him and the husband and wife concerning ownership of the land she stated it belonged to plaintiff who paid for it, and the title was taken in her name for convenience; such evidence, in the absence of countervailing evidence, was wholly insufficient to sustain plaintiff's contention. **Held,** further, that such evidence is overcome by weight of testimony of various disinterested witnesses to the general effect that plaintiff stated he wanted his wife to have something in her own name and title, that she had been a good wife and done her part in helping to get along and could have this land as hers; that plaintiff had been heard to say many times that he bought the land for his wife; the wife's son testifying that plaintiff told him after her death that the land was his mother's, that if the heirs would repay him for certain improvements thereon he would move off; another disinterested witness testifying that plaintiff told him he had always lived on the land as his homestead, etc.; a daughter of the deceased wife testifying that after her mother's death plaintiff asked her how she liked the farm he had bought for her mother; plaintiff denying making these statements, except that he sometimes in a joking way referred to this land as belonging to his wife; the evidence further showing that the wife's children by her former marriage were supporting themselves, never lived with her after her marriage to plaintiff, nor contributed to her support; and trial court properly found that title was intentionally taken in wife's name for purpose of making proper provision for her comfort and support.

Polley, J., dissenting.

Appeal from Circuit Court, Hanson County. Hon. ROBERT B. TRIPP, Judge.

Action by Robert Bucknell, against Marietta E. Johnson and others, to establish a resulting trust in realty and to quiet title. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*Edward E. Wagner,* for Appellant.

*Spangler & Haney,* and *H. J. Mohr,* for Respondents.

(1) To point one of the opinion, Appellant cited: Hickson v. Culbert, 19 S. D. 207; Dorman v. Dorman, 187 Ill. 154; Skahen v. Irving, 206 Ill. 597; Gray v. Jordan (Me.) 32 Atl. 793; Bailey v. Dobbins (Neb.) 93 N. W. 687; Perry on Trusts, Sec. 155 (6th Ed.).

(4) To point four of the opinion, Respondents cited. Read

v. Huff, 40 N. J. Eq. 229; Earnest's Appeal, 106 Pa. St. 310; Bem v. Bem, 4 S. D. 138, pp. 149, 151; Perry on Trusts (6th ed.) Sec. 143; 3 Pomeroy on Equity Juris. (3d ed.) Sec. 1039, p. 1996; Carter v. Carter, 14 N. D. 66, 103 N. W. 425, p. 426.

SMITH, J.   Action to establish a resulting trust and to quiet title in plaintiff to a quarter section of land in Hanson county. The land was purchased in June, 1886, and title taken in the name of Lucinda Bucknell, plaintiff's wife, who died in 1891.   The defendants, her heirs, are her children and grandchildren by a former marriage.   Plaintiff claims that he purchased the land for his own sole use and benefit, paid the consideration therefor, and took title thereto in his wife's name as a matter of convenience, and without any intention that she should acquire a beneficial interest therein.   Defendants contend that the land was purchased and the title placed in Lucinda Bucknell as provisions for her as his wife, and that, as her heirs, they became, upon her death, owners in fee of an undivided two-thirds interest in the land, subject only to plaintiff's right to use and occupy it as a homestead during the remainder of his life.   Findings and judgment were in favor of defendants, and plaintiff appeals.

The trial court found that the consideration for the conveyance was $1,000, which was paid by the assumption of a mortgage then on the premises for $215, and the payment of $800, proceeds of a loan on plaintiff's other land in Hanson county; that the title was intentionally taken in the name of Lucinda Bucknell, his wife, for the purpose of making proper provision for her comfort and support.   The trial court also found "that plaintiff testified" that certain permanent improvements were placed on the land, but that the evidence does not show the reasonable value of such improvements, nor whether they were made before or after the death of Lucinda Bucknell, nor from what source funds were obtained to pay therefor.   The decree of the trial court was based upon these and other findings not material here, and it is plaintiff's contention that the finding that the land was intended as a provision for plaintiff's wife is not supported by the evidence.   While the deed which conveyed the title to Lucinda Bucknell contained a recital that the consideration was paid by her, and that she assumed payment of the mortgage outstanding against the land, the undisputed

evidence shows that the consideration was in fact paid by plaintiff.

[1, 2] Section 303, Rev. Civ. Code, provides as follows:

"When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

This presumption, however, is not a conclusive legal presumption, and in this case could be rebutted by evidence showing that as a matter of fact plaintiff intended the property to be a provision for the comfort and support of his wife.

"When a disputable presumption has been met by proofs and the burden shifted, the conflicting evidence is to be weighed and the verdict rendered, in civil cases, in favor of the party whose proofs have most weight; and in this latter process the presumption of law loses all that it had of mere arbitrary power, and must be regarded only from the standpoint of logic and reason, valued and given effect only as it has evidential character. Primarily, the rebuttable legal presumption affects only the burden of proof; but, if that burden is shifted back upon the party from whom it first lifted it, then the presumption is of value only as it has probative force—except it be that on the entire case the evidence is equally balanced, in which event the arbitrary power of the presumption of law would settle the issue in favor of the proponent of the presumption." Jones, the Blue Book of Evidence, vol. 1, p. 502, § 104.

[3] Under section 303, Civil Code, when a transfer of real property is shown to have been made to one person and the consideration therefor is shown to have been paid by or for another, such facts standing alone are sufficient to establish a resulting trust in favor of the person paying the consideration, and to shift the burden of proof upon the party who denies the existence of a trust.

In the case of Bem v. Bem, 4 S. D. 138, 149, 55 N. W. 1102, 1106, this court held that:

"If a man purchase real estate and take the title in the name of a stranger the presumption is that he intends some benefit to himself, and a resulting trust in his favor arises; but, if he take the conveyance in the name of his wife or child, the presumption

of a resulting trust is rebutted, and the contrary presumption arises—that the purchase and conveyance were intended to be an advancement to or provision for such wife or child," citing Pom. Eq. Jur. § 1039; Story's Eq. Jur. 1204; Perry, Trusts, § 143; Dorman v. Dorman, 187 Ill. 154 [58 N. E. 235] 79 Am. St. Rep. 210. * * * The evidence to countervail the presumption must be 'equally satisfactory and explicit with the proof required to establish a resulting trust. The circumstances relied on must be convincing, and leave no reasonable doubt as to the intention of the party.' Read v. Huff, 40 N. J. Eq. 229. In Earnest's Appeal, 106 Pa. 310, it is said that to establish a resulting trust in favor of the husband, who has purchased real estate and caused it to be deeded to his wife,' the evidence must be clear, explicit, and un-equivocal. The rule is so well established that a citation of authorities in extenso seems unnecessary."

[4] It follows that when, as in this case, the consideration was paid by the husband, and by his direction the title to the land was vested in the wife, the burden rests upon him to show by satisfactory and explicit proof that he intended to and did cause the title to become vested in his wife as a trust, and not as a provision for her comfort and support. As is said in Earnest's Appeal, 106 Pa. 310:

"Every element essential to the existence or creation of a resulting trust, in any given case, must be clearly shown. This rule grows out of the policy pursued under the statute of frauds, and its enforcement is essential to the secure enjoyment of real property."

The decisive question of fact in this case is whether the plaintiff intended that the deed should convey the beneficial ownership of the land to his wife. Kjolseth v. Kjolseth, 27 S. D. 80, 129 N. W. 752.

[5] It being conceded that Lucinda Bucknell was plaintiff's wife, the burden of proof upon this issue was upon appellant. To sustain this issue, he testified, in substance, that he bought the land and paid for it; that the title was taken in his wife's name as a mere matter of convenience to him and gave as a reason for placing the title in her name the fact that he was in debt to a considerable extent, that he could not pay just then, and he was afraid the parties to whom he was in debt might make him trouble.

One Foster also testified that he was formerly register of deeds of Hanson county; that some time in the year 1888 plaintiff and his wife came to the office with an instrument to be recorded, and, in a conversation with Mrs. Bucknell as to the ownership of the land in question, she stated that the land belonged to plaintiff, that he paid for it, and that the title had been taken in her name as a matter of convenience. This was, in substance, the entire evidence offered by plaintiff to establish the alleged trust, and, in the absence of any other countervailing testimony in the record, would be wholly insufficient to sustain plaintiff's contention. But even though plaintiff's evidence should be held sufficient, standing alone, to sustain a finding in appellant's favor by the trial court, it is overcome by an overwhelming weight of testimony in behalf of respondents which sustains the finding of the trial court upon the vital issue of intent.

A disinterested witness testified that plaintiff told him "he had two quarters of his own, and he wanted her, his wife, to have something in her own name and title, and that she could have this as hers; that she had been a good wife and done her part in helping to get along and he thought it was her due that she have something in her own right and title, and he wanted her to have this land as her own." Another witness testified that plaintiff told him he had bought this land for his wife; that she had been a hard worker, and deserved it. Another witness testified that he had heard plaintiff say a good many times he had bought this land for his wife, and on one occasion that he had given her the farm, and they were going to move onto it. Another witness testified that plaintiff told him he bought the land for his wife, and he thought he could make a living for his wife off of it. One of Lucinda Bucknell's sons testified that plaintiff told him, after his mother died, that the land in question was his mother's; that he had erected a windmill and barn on the land, and if the heirs would pay him $300, he would move off; that it was understood between plaintiff and his wife that he should have a life lease of the land. Another witness testified that plaintiff told him, in 1902, that he had mortgaged his homestead to buy the land and had bought it for his wife; that it was her farm, but that he had improved it, and the improvements were worth $1,000 to $1,500; that he had always lived on it as his homestead,

and had a right to live there as long as he lived; and that his attorney had told him the heirs would have to pay him the value of his improvements. Another witness testified that, in 1888, he purchased from plaintiff a right of way for a proposed railroad across the land, and that, when he offered to pay plaintiff therefor, plaintiff said to pay the money to his wife; that the land belonged to her. A daughter of Lucinda Bucknell testified that, after the death of her mother, plaintiff asked her how she liked the farm he had bought for her mother. Plaintiff denied having made any of these statements, except that he sometimes, in a joking way, referred to this land as belonging to his wife.

The evidence further shows that Lucinda Bucknell was 64 years of age when this land was purchased; that her children by her former marriage were already grown and were supporting themselves, and none of them ever lived with her after her marriage, nor contributed to her comfort, support, or maintenance. These latter facts must have been known to plaintiff, and, we think, would tend to corroborate respondent's contention, and to sustain the finding of the trial court. A further reference to or discussion of the evidence seems wholly unnecessary.

The order and judgment of the trial court are affirmed.

POLLEY, J. (dissenting). I am unable to agree with the majority opinion in this case. I am thoroughly convinced by the evidence in the record that plaintiff never intended this land should be a gift to his wife, and whether or not the land ever actually belonged to her depends upon the intention of the plaintiff at the time the land was purchased. If, as a matter of fact, it was his intention, at the time the legal title to the land was conveyed to his wife, that she should hold the title for him, then a trust resulted instantly in his favor, and nothing that he is claimed to have said or done thereafter changed the situation in the least. Section 133, Perry on Trusts (6th Ed.) And the circumstances that existed at the time of the purchase may be taken into consideration in determining whether the conveyance was in fact intended as a gift to plaintiff's wife, or whether she was to hold the title in trust for him. Perry on Trusts (6th Ed.) § 146. Plaintiff testified that he bought the land and paid for it, that the title was taken in his wife's name as a mere matter of convenience to him, and gave as a reason for placing the title in her

name the fact that he was in debt to a considerable amount that he could not pay just then and he was afraid the parties to whom he was indebted might make him trouble. To show what Lucinda Bucknell's understanding of the transaction was, a witness (Foster by name, and who was wholly without interest in the controversy) testified that he had formerly been register of deeds of Hanson county; that some time during the year 1888, plaintiff and his wife came into the office of register of deeds with an instrument to be recorded; and that, at that time, he had a conversation with Mrs. Bucknell relative to the ownership of the land in question; that Mrs. Bucknell said, at that time, that the land belonged to plaintiff. She said that plaintiff had paid for the land and that it belonged to him; that the title had been taken in her name as a matter of convenience. Witness further testified that, during said conversation, plaintiff spoke up and said he could explain why the title had been taken that way, if the witness cared to hear it, but witness told him it made no difference to him.

The undisputed evidence shows that, at the time the land was purchased, in 1886, plaintiff had proved up on a tree claim and a government homestead, and that he and his wife were then living upon the government homestead; that the purchase price of the land in question was $1,000, but that it was incumbered by a mortgage for $215; that he mortgaged his government homestead for $800, and, with that money, he paid the difference between the purchase price and the pre-existing mortgage. Shortly after the purchase, plaintiff and wife moved upon said land, and both lived upon it as their home until her death, in 1891, and plaintiff has continued to occupy it as his home ever since. During all the time since the purchase, plaintiff has worked the place and cared for it as his own; he broke it and farmed it; he built corncribs, granaries, and windmills; he rebuilt the house; he paid off the mortgage that was on the place when he bought it, and he paid off the mortgage that had been placed on the government homestead; he picked the stones off the land and fenced it. He made part of said improvements prior to his wife's death and part after her death, but the evidence does not show the part thereof that was made during her lifetime and the part that was made after her death. While the entries in the county treasurer's

office show that the taxes for the years 1886-87 were paid in the name of Lucinda Bucknell, plaintiff testified that he paid such taxes himself, and there is no evidence tending to show that he did not pay them; and it is a conceded fact that he had paid all the taxes from that time until the time of the trial. In fact, plaintiff has been in possession of said land and treated it in every way as his own continuously and uninterruptedly from the time of the purchase until the time of the trial. While plaintiff was under obligation to provide a home and protection for his wife, it was wholly unnecessary that the land in question should have been purchased for that purpose. The evidence shows that, in addition to a tree claim of 160 acres, plaintiff had a government homestead of 160 acres on which he and his wife were living, and in which, under the law, she had a homestead right of which she could not have been deprived, except by abandonment or voluntary alienation. But, conceding that the land was purchased for the purpose of providing a home for Lucinda Bucknell, it was not essential that the title be placed in her name for that purpose, for her homestead right would attach, and did attach, to it the instant they took up their residence thereon with the intention of making it their home; and she would be equally secure whether the title was in her name or his. If plaintiff ever made the declarations relative to his wife's ownership of the land, as testified to by defendant's witnesses, it was done for the effect it might have upon his creditors; but there is no evidence to show that he ever intended to defraud his creditors, and the undisputed evidence shows that the debts he owed at that time were paid in full. The declarations made by the plaintiff relative to the ownership of the land are not sufficient to overcome the inference to be drawn from his conduct in the use and improvement of the place for so long a period of time, and the declarations made by Lucinda Bucknell during her lifetime.

The judgment and order appealed from ought to be reversed.