LUTHER D. BAILEY, APPELLEE, V. ANNA DOBBINS ET AL., APPELLANTS.

FILED FEBRUARY 4, 1903.   No. 12,577.

Commissioner's opinion, Department No. 3.

1. **Purchase-Money:** CONVEYANCE: TITLE: ESTATE IN TRUST: PRESUMPTION. Generally, where the purchase-money of land is paid by one person and the conveyance is taken in the name of another, the party taking the title is presumed to hold the estate in trust for him who pays the purchase-price.

2. **Legal or Moral Obligation:** ADVANCEMENT: NOMINAL PURCHASER. But where the conveyance runs to one for whom the purchaser is under a legal or moral obligation to provide, the presumption arises that the conveyance was intended as an advancement to the nominal purchaser.

3. **Presumption of Fact:** REBUTTAL BY EVIDENCE: INTENTION OF PURCHASER. In either of the foregoing cases the presumption aris-

Syllabus by court; catch-words by editor.

ing is one of fact, which may be rebutted by evidence tending to show that the intention of the purchaser was different from that to be inferred from the bare fact of the conveyance to another person. When such intention is ascertained, the courts will give it effect, if possible.

4. **Evidence:** CONVEYANCE: WIFE: LIFE ESTATE: HUSBAND PURCHASER: SONS: EQUITABLE TITLE: ENFORCEMENT OF TRUST. Evidence in this case examined, and *held* sufficient to show that by the conveyance the wife should take a life estate, and the husband, the purchaser, or in case of his death, his two sons, should hold the equitable title to the remainder; *held, further,* that under such circumstances the trust thereby created would be recognized and enforced.

APPEAL from the district court for Valley county. The case is stated in the opinion. Heard below before PAUL, J. Judgment for plaintiff. *Affirmed.*

*Victor O. Johnson (Henry H. Wilson* and *Elmer W. Brown,* on motion for rehearing), for appellants.

*Alphonso M. Robbins, contra.*

ALBERT, C.

In 1898 Luther D. Bailey entered into a contract with another party for the purchase of two lots in the city of Ord, agreeing to pay therefor the sum of $825. In pursuance of that contract, he paid the agreed purchase-price, and the other party, at his request, conveyed the property to the wife of the purchaser. Afterward the purchaser made improvements on the property, alleged to have been of the value of about $2,100, the expenses of which were borne by him. Afterward, in 1901, the wife died. She was the second wife of the purchaser of the property, and died without issue. The purchaser had children by a former wife. Afterward the purchaser brought this action against her heirs at law, alleging that the property had been conveyed to her in trust for him, and asking that such trust be established, and the legal title vested in him. The court found for the plaintiff, and granted the relief prayed. The defendants appeal.

Generally speaking, where the purchase-money of land is paid by one person, and the title is taken in the name of another, the party taking the title is presumed to hold it in trust for him who pays the purchase-price. The reason given for this rule is that the party who pays the money is presumed to intend to become the owner of the property, and the beneficial title follows such intention. This presumption, however, does not arise where the legal title is taken in the name of some person for whom the purchaser is under a legal or moral obligation to provide. In such case, the presumption arises that the conveyance was intended as an advancement to the nominal purchaser. The foregoing will be recognized as elementary. Whether the conveyance be to a stranger, or to one for whom the purchaser is bound to provide, the presumption arising therefrom is not of law, but of fact, which may be rebutted by evidence tending to show that the intention of the purchaser was different from that to be inferred from the bare fact of such conveyance. This, also, is elementary. Hence, in either case, when it appears that the purchase-money has been paid by one person, and the title taken in the name of another, the question is whether it was intended that the one to whom the conveyance was made should take the entire estate, or that the one paying the purchase-price should hold the equitable title to the property. When the intention in that behalf is ascertained, the courts will give it effect, if possible.

In this case the conveyance was taken in the name of the wife of the purchaser, and the only question presented by the record is whether the evidence is sufficient to sustain a finding that the intention of the purchaser was other than that to be implied from the naked transaction, namely, an advancement to his wife, but to hold a beneficial or equitable title in the property himself. The testimony on this phase of the case is too voluminous to set out at length. One witness, who was present when the conveyance was made, in response to a question intended to elicit what reason the purchaser gave at that time for

taking the conveyance in the name of his wife, testified as follows: "A. It was this: The contract was made between L. D. Bailey, personally, and myself, as cashier of the Ord State Bank; and when coming to execute the deed, subsequent to the making of the contract, he says: 'I want the title made in Clara W. Bailey.' Of course, I naturally asked him why, and he simply stated that he wished to protect his wife; so long as she lived, of course, she would have a home, and when she was through with it the intention was to give it to him, in case he survived her, and in case of his death the property was to descend to his two sons, who were then in business with him, and at the present time, also." Again: "A. I could not give the identical words. He simply stated he wanted to protect her and have a home for her during her life, and that in case of his death she would have a home; that if she died before he did, he expected the property to be his, and if he should die before she did, he expected the property to go to his two sons, Clarence and Ota." Another witness, asked to detail a statement subsequently made by the wife in regard to the property, says: "A. I heard her say that the property had been fixed so that it would be left to her if Mr. Bailey should die first, and if she should die first it was his until they were both dead, and then it should be divided between the two boys that were here."

It seems to us that the evidence just quoted, which is uncontradicted, aside from the corroborative facts and circumstances running through the bill of exceptions, is irreconcilable with the presumption that the conveyance was intended as a gift of the entire estate to the wife, and that it is sufficient to overcome that presumption. Fairly construed, the legal effect of the evidence is that it was intended that the wife should take a life estate, and that the husband, or, in case of his death, his two sons, should hold the equitable title to the remainder.

The appellants insist that no case can be found "to show that a remainder can be grafted upon a life estate by a

parol trust" and that no such trust has ever been recognized by any text-writer. Probably that is true. At least, our investigation, which of necessity has been limited, would lead us to that conclusion. It is equally true, however, that we have found no case where any court has refused to recognize such trust as intrinsically impossible; the text-books are equally barren in that respect. We are unable to see any good reason why a trust of that character should not be recognized and enforced. The greater includes the less. If the wife might have taken the entire estate in trust, what legal principle or rule of equity would prevent her thus taking the entire estate, minus a life estate? We have been cited to none, and confess we know of none.

Appellants contend that the evidence shows that the object of the husband was to secure a home for himself and wife against the event of his failure in business, and that as trusts are created to carry out, and not to defeat, the intention of the parties, the construction heretofore placed upon the transaction would defeat the purpose of the husband, because his beneficial interest might still be taken in satisfaction of his debts. The evidence just referred to does not seem to be incompatible with what has already been said as to the nature of the trust. The life estate conveyed to his wife, at least, was secure as against his future acts and creditors. It is true, to the extent of the homestead interest, it would have been equally secure without the conveyance, but the husband may have contemplated the contingency of its abandonment. It appears to us that the evidence shows a clear intention that the wife should take only a life estate, and hold the legal title to the remainder in trust for the husband, or, in case of his death, for his two sons; that such intention is easily carried out, and, consequently, there is no good reason for the court to refuse to enforce the trust.

It is recommended that the decree of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.