Thomson, P. J.
This action was commenced by the appellee, Hart, before a justice of the peace to recover an alleged indebtedness of the appellant to him for labor, and an alleged indebtedness of the appellant to one J. M. Martin for labor, of which latter he claimed to be the owner by assignment from Martin. The case went by appeal to the county court, where a judgment was rendered in favor of the plaintiff for the amount of his consolidated claim. The defendant appeals to this court.
The argument of the appellant is confined to certain rulings of the court made at the trial. The *94 assignment by Martin to the plaintiff was in writing. It was written by Henry Trowbridge, the plaintiff’s attorney, signed by Martin, delivered to the plaintiff, and by. him turned over to Trowbridge. Trowbridge left-it in' the justice’s office with the papers in the casé. He afterwards looked among those papers for it, but it was not there. He also made search among the papers in his office, but could not find it. Upon proof of the foregoing facts, the court allowed Martin and the plaintiff to testify to what the assignment contained. It is said that the loss of the paper was not sufficiently proved to authorize the admission of .the testimony. If Trowbridge, who bandied it last, left it with the papers in the justice’s office, that was the place where it should have been found. He not only looked for it there, but among the papers in his own-office. We think he made all the search that was necessary, and that the secondary evidence was properly received.
' When the plaintiff rested, the defendant moved for a dismissal of the suit on the ground of nonjoinder of parties defendant, and renewed the motion at the conclusion of the case. The defendant was operating a mine called the Monument mine, as manager for certain lessees of the property, of whom he appears to have been one; and the plaintiff and his assignor worked upon that mine. The defendant did not in terms employ them in behalf of the owners of the lease, and they supposed they were working for him. Some facts were shown which counsel say were sufficient to put them on inquiry; and if they had inquired they would have found that the defendant was acting only in a representative capacity. The argument is that the indebtedness was due from the lessees jointly, and that, hence, they were all necessary parties defendant. But the theory that this indebtedness grew out of labor performed under that *95 lease, has consistency only by ignoring a portion of the evidence. The lease in connection with which the facts suggesting inquiry arose, expired on the 15th day of November, 1898. For all work done prior to that time, the plaintiff-and Ms assignor were fully paid. • The last checks for their work under that lease, bear date November 15, 1898. Subsequent work on the mine was done under a new arrangement; and it was on account of such subsequent work that this suit was brought. There was evidence sufficient to warrant the court in finding that after the 15th day of November, the defendant was sole lessee of the mine, and operated it in his own behalf. P. S. Farris, one of the employees upon the mine, testified that in a conversation he had, in October, 1898, with the defendant concerning the ownership of the lease, the defendant told witness that after the 15th day of November, the lease would belong to him. Mr. Martin testified that some time about November 15, the defendant informed him that “after this lease he had signed those checks for as manager expired, the lease would be E. Everett’s in the future.” The plaintiff testified that after the indebtedness to him for his work subsequent to November 15 had been incurred, he had a number of conversations with the defendant relative to its payment; that the defendant said he did not have the money, and could not pay it, but that “he had a deal on with his lease to sell his lease and when that was sold he would get the money and could pay a part at least. ’ ’ That the defendant was the sole owner of the lease, and was solely liable for this indebtedness is a legitimate deduction from the foregoing declarations, which were not disputed; and a finding of the court that such was the fact will not be disturbed by us, notwithstanding there was other evidence tending in an *96 opposite direction. There is no controversy over the amount claimed, and the judgment will he affirmed.

Affirmed.