[No. 3472.]

## WALKER ET AL. v. GREEN ET AL.

1. EVIDENCE—*Lost Documents—Secondary Evidence—Preliminary Proof of Loss.* Husband, claiming under a deed alleged to have been executed to him by his wife, testified that when last seen it was in a certain pocket-book where all papers pertaining to their joint affairs were kept, both having access to it; that soon after his wife's death, which occurred about six months after the deed was placed in this receptacle, he made diligent search for it, went through all his papers, searched every place where it could possibly be, and had never found any trace of it, and that it was not then in his possession. Held, that though he made no statement of the places searched, or how often he had searched, under the circumstances of this case, secondary evidence of the contents of the deed was properly received.

2. CONVEYANCE OF LANDS—*Delivery.* The delivery of a deed to take effect unconditionally upon the death of the grantor is an effectual delivery.

3. —— *Question of Law and Fact.* Whether there was an actual delivery of a conveyance is a question of fact, determined largely from the intention of the grantor; what constitutes a valid delivery is a question of law.*

The evidence examined and held sufficient to sustain an affirmative finding upon the issue.

*Syllabus by Morgan, J.

4. NEW TRIAL—*Surprise.* The court below put upon the complaint a construction of which it was susceptible. That defendant failed to so construe it is not to be held a surprise entitling him to a new trial.

5. —— *Newly Discovered Evidence,* which can be harmonized with the findings of the court below, and would not necessarily produce a different result, is not ground to award a new trial—especially where the trial was without a jury.

6. TRIAL—*Pleading and Evidence—Variance—When the Objection Should Be Made.* An objection to evidence on the ground of variance should be made at the trial. To delay it until interposing a motion for a new trial, thus preventing an amendment, is unfair to the other side.

*Appeal from Jefferson District Court,* HON. FLOR ASHBAUGH, Judge. .

Mr. A. C. PATTEE, Messrs. DORSEY & HODGES, for appellants.

Mr. A. N. ANDREWS, for appellee.

MORGAN, Judge.

A decree was entered in the district court in favor of the plaintiff, Brunk, giving him the ownership in fee and possession of certain real property, upon a complaint alleging that his wife gave him a deed for it before she died, and that the deed was lost or destroyed, and never recorded. The defendant, Blanch Walker, wife of Horace W. Walker, and daughter of Brunk's wife by virtue of a former marriage, claimed an interest in the same property by inheritance. Hewett Green, another child of Mrs. Brunk by virtue of the former marriage, and brother of Blanch Walker, was also a defendant, who claimed an equal interest with his sister, but the record does not disclose whether he was satisfied or dissatisfied with the decree. Blanch Walker and her husband are the appellants, and ask a reversal of the decree upon sixteen assignments of error discussed under the following propositions:

1.   Appellants contend that there was not sufficient evidence introduced as to the loss of the deed to permit the admission of secondary evidence concerning it.   It may be presumed that if the plaintiff could have found this deed, he would have produced it.   The evidence accounting for the loss of the deed and the search made to find it is that, it was last seen by the plaintiff in a certain leather pocketbook in which he and his wife kept all papers pertaining to their joint affairs, both having access to the same; and that soon after his wife's death, which occurred about six months after the time it was placed in this pocketbook, he made a diligent search for it, went through all his papers, searched in every place it could possibly be, that it was not in his possession at the time he testified, that he had never found any trace of it since her death, and did not then know where it was.   While plaintiff might have stated where, when and how often he had searched for the deed, and more particularly stated what he did in good faith to find it, nevertheless, under the circumstances of this case, the court was justified in admitting the secondary evidence.— *Everett v. Hart,* 20 Colo. App., 93; *Wells v. Adams,* 7 Colo., 26, 29; *Bruns v. Clase,* 9 Colo., 225, 227; *Oppenheimer v. D. & R. G. Ry. Co.,* 9 Colo. 320, 322.

2.   Appellants contend that the evidence does not clearly and satisfactorily show an intention on the part of the wife to deliver the deed for the purpose of vesting a present title in her husband, and such contention presents a problem not susceptible of any satisfactory solution, in view of the finding of the lower court, except to adopt such finding on the ground that a question of law and fact was involved that was resolved by the lower court in favor of the appellees.   The deed was executed October 22, 1898, from the wife to the husband, and left in the safe of Mr. Andrews, the attorney and notary

public who wrote it, until about six months prior to the wife's death, which occurred in October, 1906. The plaintiff testified, without objection as to his competency under the statute concerning witnesses, that about six months prior to her death his wife became dissatisfied with having the deed remain in the attorney's safe, that they both went to the attorney's office to get it, and that after it was obtained he carried it home and put it in a leather pocketbook in which he and his wife kept their joint papers. Andrews testified that when the husband and wife came to his office at the time just mentioned, the wife asked him to get the deed and give it to her husband, and that he went to his safe, got the deed and gave it to him. This is the only testimony upon which a delivery can be predicated, and it may be said it is sufficient upon which to base the finding of the lower court that the deed was then and there delivered to the husband, thus carrying out the intention, alleged in the complaint, "that in the event of her death prior to the death of her husband, he should have and enjoy a full and absolute fee title to said real estate and the possession thereof"; or, to put it in different words, that the deed should take effect after the wife's death. The record discloses many facts that point quite clearly to a different conclusion, among which may be mentioned the following: The deed was never recorded; it could not be found by the grantee after the grantor's death; the grantee, as administrator, listed in his inventory of his wife's estate the property claimed to have been conveyed to him by the deed; the grantor became dissatisfied with the retention of the deed by the attorney, and, on account of her dissatisfaction, it was taken away; the deed was left in a receptacle to which the grantor had access after it was taken from the attorney's safe, and was not seen by the grantee after he put it in this receptacle; the

complaint drawn by Andrews, the attorney who made the deed and who testified in the case, indicates that the deed was not intended to take effect, except in the event that the husband survived her. As to whether a delivery of a deed has been effected, depends greatly upon the intention of the grantor, and if the allegation in the complaint just referred to had been strictly adhered to in the proof, it would have been extremely doubtful if there would have been any basis for the finding by the lower court that a delivery was effected; because if the intention were that the deed should not take effect unless the husband survived the wife, then it would follow that if the wife survived the husband, there would be no delivery, and the title would remain in the wife and the deed would be of no effect after the husband's death. The pleadings and proof, however, do correspond when the former view of the complaint is adopted, that is, that the deed was delivered to take effect unconditionally upon the death of the wife. Appellants never made any objection to any such variance during the trial, and not at all prior to this appeal, except in the motion for a new trial. However, taking the view of the complaint that the deed was executed and delivered to take effect after the wife's death, the proof and the findings of the lower court were within the scope of the allegations. The writer of this opinion is not convinced by the record that it was the intention of Mrs. Brunk to make the deed her own and deliver it prior to her death, as found by the lower court and acquiesced in by a majority of this court; however, the trial judge was in a better position to discover the truth, as he had an opportunity to see and become conscious of things that cannot be brought up in the record for the consideration of this court, and it is not wholly unreasonable to conclude that he was justified in arriving at the conclusion that the deed was de-

livered by the wife to the husband to take effect uncon-
ditionally upon her death, thus bringing the conclusion
reached within that principle of law that the delivery of
a deed to a grantee therein to take effect upon the death
of the grantor is an effective delivery.

"As no particular form of delivery is required, the
question whether there was a delivery of a deed or not
so as to pass title must in a great measure, where it is
not clear that an actual delivery has been effected, de-
pend upon the peculiar circumstances of each particular
case. The question of delivery is one of intention, and
the rule is that a delivery is complete when there is an
intention manifested on the part of the grantor to make
the instrument his deed. 'The doctrine seems to be set-
tled beyond reasonable doubt,' remarks Justice Atwater,
'that where a party executes and acknowledges a deed,
and afterward, either by acts or words, expresses a will
that the same is for the use of the grantee, especially
where the assent of the grantee appears to the transac-
tion, it shall be sufficient to convey the estate, although
the deed remains in the hands of the grantor. The main
thing which the law looks at is whether the grantor indi-
cates his will that the instrument should pass into the
possession of the grantee; and if that will is manifest,
then the conveyance inures as a valid grant, although, as
above stated, the deed never comes into the hands of
the grantee.' A deed does not become operative until it
is delivered with the intent that it shall become effective
as a conveyance. Whether such intent actually existed
is a question of fact to be determined by the circum-
stances of the case, and cannot in the majority of cases
be declared as a matter of law. A deed was held com-
plete and valid where it had been prepared for execu-
tion, read, signed, and acknowledged before a proper
officer, notwithstanding the testimony of the witnesses

present at its execution that there was no formal delivery, and the fact that the deed after the grantor's death was found among his papers in his desk."—1 Devlin on Deeds, 2nd ed., sec. 262, citing *Schubert v. Grote,* 88 Mich., 650, 26 Am. St. Rep., 316; *Stevens v. Hatch,* 6 Minn., 64, 76; *Hibberd v. Smith,* 67 Calif., 547, 56 Am. Rep. 726; *Scrugham v. Wood,* 15 Wend., 545, 30 Am. Dec. 75, together with numerous other citations.

"Actual manual delivery and change of possession are not required in order to constitute an effectual delivery. But whether there has been a valid delivery or not must be decided by determining what was the intention of the grantor, and by regarding the particular circumstances of the case. Where a father had indicated in various ways that certain property should be bestowed at his death upon his infant son, and for that purpose had executed a deed of which he, however, retained the possession, effect was given to his intention, despite the fact that there had been no manual delivery of the deed. —1 Devlin on Deeds, 2nd ed., sec. 269, citing *Black v. Sharkey,* 104 Calif., 279; *Newton v. Bealer,* 41 Ia., 334, and other citations.

"When a deed is executed and delivered its legal effect as to the passing of the title is not altered by the fact that one object of the transaction was to save the expense and trouble of administration upon the grantor's estate after his death. And where a grantor executed a deed for this purpose to his wife, the fact that she placed the deed after delivery where her husband equally with herself could have access to it does not change its legal effect as a conveyance." 1 Devlin on Deeds, 2nd ed., sec. 284, citing *Le Sawlnier v. Loew,* 53 Wis., 207.

"The question of delivery is a mixed one of law and fact. What amounts to a final delivery and acceptance is a question of law, but it is a question of fact for the

jury whether the facts exist which constitute such delivery and acceptance, but the question of delivery or non-delivery, while frequently of a mixed character, partly of law and partly of fact, yet in practice is generally one of fact only.'' 1 Devlin on Deeds, 2nd ed., sec. 308, citing *Earle v. Earle,* 20 N. J. L., 347; *Hibberd v. Smith,* 67 Calif., 547; 56 Am. Rep., 726; *Thatcher v. St. Andrew's Church,* 37 Mich., 264; *Hurlbut v. Wheeler,* 40 N. H., 73; *Burke v. Adams,* 80 Mo., 504, 50 Am. Rep., 504.

From the case last cited, Mr. Devlin quotes the following:

''What constitutes a delivery of a deed is often a mixed question of law and fact. An arbitrary rule ought not to be laid down. Each case must stand more or less on its peculiar facts. The intent to convey is evidenced by the fact of making out and duly executing a deed. The delivery may be evidenced by any act of the grantor by which the control or dominion or use of the deed is made available to the grantee.''

''Where the facts are disputed the intention to deliver or time of delivery are to be determined by the jury, and only where it is a positive inference of law can the court decide that there was a delivery.'' *Hunt v. Swayze,* 55 N. J. L., 33, 25 Atl. Rep., 850; *Shultz v. Shultz,* 159 Ill., 654, 20 Am. Rep., 188.

It is assumed that the converse of the last proposition is true. From the foregoing statement of the law, it is quite evident that it was within the province of the lower court to find, as a question of fact, or of mixed law and fact, whether there was a delivery of the deed in controversy, and such finding having been made, it will not be disturbed.

3. A reversal is also asked on the ground that the lower court erred' in overruling the motion for a new trial. This motion is based wholly upon the ground that,

under the defendants' construction of the complaint, the plaintiffs' proof was at variance, and did not correspond with the allegations of the complaint, and that defendants were thereby surprised and thus prevented from producing in defense the evidence described in the motion. Under the lower court's construction of the complaint, however, the proof was within the allegations, and the complaint being susceptible of the latter construction, there was no surprise. All of the newly discovered evidence described in the motion could have been, and no doubt would have been, produced at the trial had it not been that the defendants failed to construe the allegations of the complaint as they were construed by the trial court. Furthermore, objections on the ground of such a variance should always be interposed at the trial, and not delayed until a motion is made for a new trial, thus preventing an amendment, when necessary, because such delay is not fair to the other side.

A new trial will not be granted upon the ground of newly discovered evidence, if such evidence when produced can be harmonized with the findings of the court and would not counteract or disprove any of the facts upon which such findings are based and would not necessarily produce a different result. This is especially true when the trial is without a jury, as the ruling on a motion of this character, and upon such grounds, is largely within the discretion of the trial court.

The judgment is affirmed.

SCOTT, P. J., KING and HURLBUT, JJ., concur; CUNNINGHAM, J., dissents.

*Affirmed.*