# WHEELWRIGHT v. ROMAN

No. 2996.   Decided May 8, 1917.   (165 Pac., 513.)

1. TRUSTS—RESULTING TRUSTS—PAYMENT OF CONSIDERATION FOR CONVEYANCE TO ANOTHER. Where a wife held title to property real and personal of which her husband was the sole owner, part of which had been inherited by the husband and conveyed to the wife, and part of which had been purchased with his money and title taken in her name, for business convenience and for lawful purposes, and the wife by unequivocal acts and conduct clearly indicated that she always recognized the rights of her husband and that the equitable title to the property was in him and made deeds to him of such property, the property was held by her in trust for the husband. (Page 14.)

2. TRUSTS—RESULTING TRUSTS—HUSBAND'S PROPERTY HELD BY WIFE. Where a wife held title to the sole property real and personal of her husband in trust for his benefit and made deeds and assignments of mortgages to the husband which were not registered and of which she retained possession, and all members of the family including a daughter, who delivered such deeds and assignments to the husband after the death of the wife, understood that the property was held for the sole benefit of the husband, whether or not the deeds were sufficiently delivered at time of execution, the property after her death belonged to the husband. (Page 16.)

3. APPEAL AND ERROR—JUDGMENTS APPEALABLE. A decree ordering a defendant to deliver to administratrix property real and personal conveyed to him by the intestate and account to her for the interest he may have collected on the notes, mortgages, etc., was a final and appealable judgment, since the provision for an accounting did not affect the finality of the judgment. (Page 21.)

4. JUDGMENT—PRAYER FOR GENERAL RELIEF—RELIEF AWARDED. Where a husband was sued by the administratrix of his wife for property conveyed to him by instruments executed by intestate of which he received possession after her death, although the answer contained a prayer for general relief only, defendant was entitled to such specific relief as the pleadings and the evidence authorized. (Page 21.)

5. APPEAL AND ERROR—REVIEW—DISPOSITION OF CAUSE. Where it was more convenient to make and enter conclusions of law and judgment in the district court, the Supreme Court will do no more than indicate and direct what the findings, conclusions of law, and judgments shall be, and remand. (Page 22.)

Appeal from District Court, Second District; *Hon. N J. Harris,* Judge.

Action by Mary M. Wheelwright, as administratrix of the estate of Gertrude Roman, deceased, against Daniel B. Roman.

Judgment for plaintiff. Defendant appeals.

REVERSED and REMANDED, with directions.

*Joseph Chez* for appellant.

*Geo. Halverson & A. E. Pratt* for respondent.

FRICK, C. J.

The plaintiff, as the administratrix of the estate of Gertrude Roman, deceased, brought this action in equity against the defendant. The purpose of the action was to require the defendant to assign to the plaintiff, as administratrix of said estate, certain notes and mortgages which she alleged were the property of the deceased at the time of her death; to require him to account for the interest he collected on said notes and mortgages; to cancel the deeds to certain real estate, which were made by the deceased in her lifetime, in which the latter conveyed to the defendant the real estate therein described, and which plaintiff alleged, in her complaint, were not delivered to, but were wrongfully obtained by, the defendant; and that such real estate be declared the property of said estate. Plaintiff also prayed for general relief.

The defendant, in his answer to the complaint, set forth the facts concerning the ownership of said real estate and said notes and mortgages in detail. He, among other things, in substance alleged that the title to the real estate described in said deeds was placed in the name of the deceased for a special purpose, and that she held the same in trust for his use and benefit; that the notes and mortgages mentioned in the complaint were made in the name of the deceased for convenience merely, and all of said notes, and mortgages were duly assigned to the defendant by said deceased during her lifetime; that the deceased in her lifetime also made the deeds to the real estate referred to in the complaint and delivered the same

to the defendant. He also specially alleged that he furnished the whole consideration or purchase price for the real estate described in said deeds and for the notes and mortgages described in the complaint, and that the deceased held all of said notes and mortgages, together with said real estate, in trust for the defendant and for his use and benefit. The defendant prayed judgment that the plaintiff take nothing by her complaint, and for general relief.

The pleadings are very long and go into great detail with respect to the transactions involved, but we think the foregoing, when supplemented by the statement of facts which follows, will sufficiently indicate the nature and purpose of the action and the defenses set up by the defendant, and also sufficiently indicate the issues involved.

There is little, if any, conflict in the evidence, and the questions to be determined are largely questions of law rather than fact.

The substance of the evidence is to the effect that Gertrude Roman, the deceased, was the wife of the defendant; that she died intestate in Weber County, Utah, on May 1, 1910; that the plaintiff was appointed administratrix of the decedent's estate on December 8, 1913; that this action was commenced September 1, 1914; that the deceased and the defendant lived together as husband and wife for many years and had reared a family of six children, five of whom were living at the time of trial in Ogden City, Utah; that in June, 1888, the father of the defendant before the former's death conveyed to the latter by warranty deed a portion of the real estate described in the complaint; that the defendant, thereafter, in 1889, sold a part of said real estate, and thereafter, with the proceeds thereof, purchased other parcels of the real estate described in the complaint; that in October, 1896, the defendant, without consideration, conveyed a part of the property which was conveyed to him by his father to the deceased; that in August, 1894, the defendant purchased, with his own money, other parcels of the real estate described in the complaint, all of which were also conveyed to the deceased without consideration as aforesaid; that thereafter, on the 13th day of May, 1899, the

deceased made certain deeds in which she conveyed all of
the foregoing real estate to the defendant, and said deeds
were made to avoid the expenses of administration; that no
manual delivery of said deeds was ever made to him, but the
deceased continued in possession thereof during all of the
time from May, 1899, to the time of her death in 1910; that
after her death one of the daughters of the deceased and the
defendant delivered said deeds to the defendant, and he then
had them recorded in the records of Weber County; that
during the period from about 1893 or 1894, up to the time of
the death of the decedent, the defendant had loaned con-
siderable money to citizens of Ogden; that he could not read
or write, except to write his own name; that the deceased,
upon the other hand, could read and write readily, and all of
the notes and mortgages, amounting to $9,500, were taken in
her name because she was more capable of transacting the
business than was the defendant; that all of the notes and
mortgages described in the complaint were made as aforesaid,
and the deceased during her lifetime made assignments of all
of them, but said notes and mortgages, together with the as-
signments thereof, were all in her possession at the time of
her death; that the whole of the money represented by the
notes and mortgages in question, as well as the consideration
for all of the real estate described in the complaint, was the
money of the defendant, and the deceased did not contribute
anything except her services as aforesaid; that the deceased, on
numerous occasions, and to divers persons, declared that the
real estate and the notes and mortgages in question belonged to
her husband, the defendant, and that she held the title thereof
for business reasons, or for convenience merely.

The foregoing is a mere outline of the principal facts, and,
to avoid repetition, we shall, in the course of the opinion, refer
to some other matters more in detail.

A trial to the court resulted in findings of fact and con-
clusions of law in favor of the plaintiff. The court entered
judgment declaring that the deceased was the owner of all of
said real estate at the time of her death, that at said time
she also was the owner of all of the notes and mortgages, and

that the defendant surrender all of said notes and mortgages to the plaintiff, as the administratrix of said estate, and to account to her for any interest he had theretofore collected and for the rents and profits derived by him from said real estate since the death of the decedent. The defendant appeals from the judgment. In his assignments he assails the findings of fact as being contrary to the undisputed evidence and insists that the conclusions of law and judgment are contrary to law.

Counsel for the defendant, in their brief, with much vigor, contend that, notwithstanding the fact that the deeds to the real estate in question and the assignments of the mortgages described in the complaint were in the possession of the deceased at the time of her death, yet they all were intended to be, and were as a matter of law, delivered to the defendant, and that he was lawfully possessed thereof, and that the equitable, as well as the legal, title to all of said real estate, as well as the said notes and mortgages, was in the defendant at the time of his wife's death, and the same always was, and now is, his property. Counsel cite many cases in which they contend it is held that, under facts substantially like those in this case, the delivery of the instruments there in question was sufficient in law. Among other cases that they cite and rely on are the following: *Walker* v. *Green*, 23 Colo. App. 154, 128 Pac. 855; *Matson* v. *Johnson*, 48 Wash. 256, 93 Pac. 324, 125 Am. St. Rep. 924; *Gage* v. *Gage*, 36 Mich. 229; *Newton* v. *Bealer*, 41 Iowa, 334; *Somers* v. *Pumphrey*, 24 Ind. 239-240; *Dukes* v. *Spangler*, 35 Ohio St. 119; *Stone* v. *Duvall*, 77 Ill. 475; *Tabor* v. *Tabor*, 136 Mich. 255, 99 N. W. 4; *Dyer* v. *Skadan*, 128 Mich. 348, 87 N. W. 277, 92 Am. St. Rep. 461. While in at least some of the foregoing cases, under facts and circumstances in many respects similar or analogous to those in the case at bar, the appellate courts sustained the findings of the trial courts that the instruments there in question were intended to be and were delivered, yet it must be conceded that, while the facts and circumstances in the case at bar indicate a clear intention on the part of the deceased to vest the title and ownership of all the property in question

in the defendant, the evidence is also clear that, so far as the deeds to the real estate are concerned, there never was an actual or manual delivery of them to the defendant until after the death of the deceased. In view that the undisputed facts and circumstances make the case at bar a border-line case upon the question of delivery, and for the reason, as will hereinafter appear, that those same facts and circumstances leave practically no room for doubt that the deceased held the title to all of the real estate as well as to all of the notes and mortgages in question in trust for the defendant, it becomes unnecessary for us to express, and hence we do not express, an opinion upon the question of whether the acts and conduct of the deceased constituted a delivery of the deeds and notes and the assignments thereof to the defendant.

We therefore proceed to a consideration of whether the deceased held the property in question in this case in trust for the use and benefit of her husband, the defendant. Upon that question, the evidence, as before stated, is practically undisputed that the defendant was the sole owner of all the property in question, and that the title to the real estate was placed in the name of the deceased for convenience and for lawful purposes. What is true with respect to the real estate is likewise true with respect to the notes and mortgages. Again, the unequivocal acts and conduct of the deceased clearly indicate that she always recognized the rights of the defendant, and that the title to the property, that is, the beneficial or equitable title, was in him. The mere fact that she made the deeds by which she conveyed the real estate to her husband, and that she made all of the assignments of the notes and mortgages, although not delivered, nevertheless constitutes strong evidence that she constantly recognized the fact that the property was not her own. Plaintiff's counsel, however, point to the fact that there is ample evidence to show that the deeds and assignments were made for the purpose of avoiding the trouble and expense of administering upon the decedent's estate. A sufficient answer to that contention, however, is that, if that had been the purpose of the deceased, why was the whole of the real estate conveyed and all of the notes and

mortgages assigned to the husband of the deceased, the defendant? Administration of the estate could just as well have been avoided by conveying the real estate and by assigning the notes and mortgages to her husband and their children in the proportions she desired to have them divided among them, as to convey all of the real estate and all of the notes and mortgages to her husband, the defendant. The fact, if it be a fact, however, that the deeds were made for the purpose of avoiding the expense incident to administering the estate, in no way either affects or weakens the controlling fact that the deceased held the title to all of the property in question in trust for the defendant.

When the foregoing circumstances are considered in the light of the numerous declarations of the deceased during her lifetime, and up to within a short time of her death, then, as we before stated, there is little, if any, room to doubt that she held all of the property in question in trust for her husband. One witness, in referring to the declarations of the deceased concerning the real estate in question (quoting from the bill of exceptions), in part testified:

"She [the deceased] said the property was all Mr. Roman's, he inherited it from his father, and she didn't have anything to say without Mr. Roman's consent, she was merely a business man, that is, understood the business better than he did, and consequently she attended to the business, and she had some of her property in her name on that account, because she was attending to his business and he didn't read or write very good, and she understood it, and it was much better in her name than it would be in his, that is, to transact business, but that was his property, because he wouldn't sell it, he said he was going to keep it for his sons."

In referring to the other parcel of real estate included in the deeds referred to in the complaint, the witness testified:

"The property here in town, she [the deceased] told me it belonged to Mr. David Roman, that is, Mr. Roman's father, and just prior to his death he deeded it to him the [defendant]."

The witness further said:

"She told me that the place in town belonged to her husband, that they would come and live in town if they would sell the farm—they called that their home, and they would sell the farm and live in town, but Mr. Roman objected on account of having three or four boys. He wanted to save it for the boys."

Another witness, who transacted business for the deceased, testified that, in referring to the money that was being loaned, and which is represented by the notes and mortgages in question, the deceased said:

"The money we are placing out is my husband's money—my husband's money which I am placing out in my name."

The witness testified "that was the sum and substance of the conversation" he had with the deceased. The same witness testified that the assignments of the note and mortgages were all made in accordance with "her instructions."

Another witness testified that the deceased, in referring to the making of the loans, said: "She done the business; she said she done the business for Roman," the defendant.

Some time before her death, the deceased exhibited all of the notes and mortgages, together with the assignments thereof, and the deeds to the real estate in question, to one of her daughters, and the daughter testified that her mother then said:

"Come here. I want to show you these papers. I want you to know how I fix these, and I am going to have all of them fixed. In case anything happens to me, you can always carry on the business with papa."

The same witness and one or two others also testified that the deceased told them that she wanted the daughter to transact the business for her father the same as the deceased had been transacting it in the past.

There were other witnesses who testified to other declarations of the deceased by which she clearly and unequivocally indicated that she at no time claimed ownership of the property in question, or any part of it, and that she always regarded it as her husband's property, and that all of it was placed in her name for convenience and for legitimate and lawful

purposes, and that she held the title thereof for his use and benefit. Indeed, the whole trend of the evidence, that is, the great weight and effect thereof, is as above indicated. It should also be remembered that the deceased was suddenly stricken with paralysis, and, while she lingered for some days, yet she never regained consciousness after she was stricken, and died in an unconscious condition. She was thus prevented from giving any directions or making any disposition of the property in question other than she had made.

The testimony of the several witnesses respecting the declarations and statements made by the deceased is not disputed. Counsel for defendant insist that, under the undisputed facts and circumstances, it was the duty of the trial court to declare, as a matter of law, that the deceased held all of the property in question in trust for the defendant. Counsel cite and rely upon the following, among other, cases in support of their contention: *Taylor* v. *Morris,* 163 Cal. 717, 127 Pac. 66; *Fanning* v. *Green,* 156 Cal. 279, 104 Pac. 308; *Cooney* v. *Glynn,* 157 Cal. 587, 108 Pac. 506; *Silvey* v. *Hodgdon,* 52 Cal. 363; *Dorman* v. *Dorman,* 187 Ill. 154, 58 N. E. 235, 79 Am. St. Rep. 210; *Culp* v. *Price,* 107 Iowa, 133, 77 N. W. 848; *Faylor* v. *Faylor,* 136 Cal. 92, 68 Pac. 482; *Bailey* v. *Dobbins,* 67 Neb. 548, 93 N. W. 687; *Akin* v. *Akin,* 268 Ill. 324, 109 N. E. 268; *Endsley* v. *Taylor,* 143 Ga. 607, 85 S. E. 852; *Leroy* v. *Norton,* 49 Colo. 490, 113 Pac. 529; *Dieckman* v. *Merkh,* 20 Cal. App. 605, 130 Pac. 27; *Odell* v. *Moss,* 137 Cal. 542, 70 Pac. 547. In some of the foregoing cases the question arose as between husband and wife; in others, between father and child; and, in others still, between brother and sister. The evidence respecting the trust in each one of the foregoing cases was much less convincing than is the evidence upon that question in the case at bar. In view of the importance of the question involved, we shall take the liberty of quoting from a few of the foregoing cases.

In *Cooney* v. *Glynn,* supra, in the course of the opinion the law is stated thus:

"It has been established by a number of decisions in this state that where confidential relations exist between two parties, and one of them executes a conveyance of real estate to the other, upon a parol promise

by the other that he will hold it for the benefit of the grantor, or for the benefit of some third person in whom the grantor is interested, there being no other consideration for the conveyance, a trust arises by operation of law in favor of the grantor, or in favor of the third person, for whom the property is to be held. It is the violation of the parol promise which constitutes the fraud upon which the trust arises. If made in good faith, and if it is of a continuing nature, the performance of it for a time does not prevent a trust from arising when it is broken and repudiated."

In *Bailey* v. *Dobbins,* supra, the Supreme Court of Nebraska states the rule in the following words:

"Generally speaking, where the purchase money of land is paid by one person, and the title is taken in the name of another, the party taking the title is presumed to hold it in trust for him who pays the purchase price. The reason given for this rule is that the party who pays the money is presumed to intend to become the owner of the property, and the beneficial title follows such intention. This presumption, however, does not arise where the legal title is taken in the name of some person for whom the purchaser is under a legal or moral obligation to provide. In such case, the presumption arises that the conveyance was intended as an advancement to the nominal purchaser. The foregoing will be recognized as elementary. Whether the conveyance be to a stranger, or to one for whom the purchaser is bound to provide, the presumption arising therefrom is not of law, but of fact, which may be rebutted by evidence tending to show that the intention of the purchaser was different from that to be inferred from the bare fact of such conveyance. This, also, is elementary. Hence, in either case, when it appears that the purchase money has been paid by one person, and the title taken in the name of another, the question is whether it was intended that the one to whom the conveyance was made should take the entire estate, or that the one paying the purchase price should hold the equitable title to the property. When the intention in that behalf is ascertained, the courts will give it effect, if possible."

In *Dorman* v. *Dorman,* supra, the law is stated in the head-notes in 58 N. E. 235, thus:

"Where a husband purchases land, and takes the deed therefor in the name of his wife, the burden of proof to establish a resulting trust in his favor as against her heirs, and to rebut the presumption that such conveyance was intended as an advancement to the wife, is on the husband.

"A husband purchased land, and paid the consideration therefor, but took the deed in the name of his wife. He made permanent improvements on the land, paid the taxes, and exercised complete control over it, and he and the wife occupied the premises for a time. The land constituted the principal part of his estate, and he had a family of small children. The wife had said that the land was deeded to her in trust for

the husband. Held sufficient to show a resulting trust therein in favor of the husband.''

It is also made clear in the foregoing cases that there is little, if any, room for the presumption insisted on by plaintiff's counsel that the property in question was transferred to the deceased as an advancement. Indeed, all the facts and circumstances in the case at bar rebut such a presumption.

We thus have a case where all the property in question was clearly shown to have been the sole property of the defendant; where the reason why it was held in the name of the deceased is clear and reasonable; where the deceased, during her lifetime and during a long period of years, many times declared the true origin of her title, and that the property was not hers, and that she held the title thereto merely as a matter of convenience for the use and benefit of the defendant, her husband; where the acts and conduct of the deceased in making the deeds to the real estate and the assignments of the notes and mortgages, when viewed in the light of her declarations, clearly indicate that she never did claim, or intended to claim, the property, or any of it, as her own, but always regarded it as the property of her husband, the defendant. The daughter who delivered the deeds and the assignments of the mortgages to her father after the mother's death also clearly understood that she was merely effectuating the well-grounded and long-continued purposes of her mother, the deceased. It would seem that all of the other members of the family must have joined in the conclusions of the daughter just referred to, in view that no application for administration was made until more than 3½ years after the mother's death and that this action was not commenced for nearly a year after plaintiff was appointed administratrix of the mother's estate. Nor, in view that the true condition of things was known by all concerned, was there any reason for the delay aforesaid. The defendant has now reached the age of upwards of seventy years. So far as the record discloses, he has no other property than the property in question. The evidence also shows that, although the defendant had no education, yet he is possessed of a natural instinct and ability to make money, and that it was largely, if not entirely, due to his efforts that the property in question

was accumulated. Under the undisputed facts and circumstances, therefore, it would be a reproach both to the courts and to the law if, in his old age, he could be deprived of the use of his own property, and would be required to stand by and see his estate administered during his lifetime by another. Of what use are constitutional guaranties respecting the rights of property, if they may be disregarded by the courts?

In our opinion, the district court committed manifest error in holding that the property in question was the property of the deceased at any time, and especially at the time of her death, and in refusing to enforce the trust.

Plaintiff's counsel further contend that, in view that the judgment requires an accounting to be made by the defendant, for that reason the judgment is not final, and hence not appealable. The contention is not tenable. What is required from the defendant is a part of the final judgment. The defendant appeals from that part, as well as from all other parts. The judgment is not interlocutory, but is final and conclusive respecting all matters covered thereby. The mere fact that the defendant is ordered to deliver the property to the plaintiff and to account to her for the interest that he may have collected on the notes and mortgages, etc., does not affect the finality of the judgment. If authority be required upon a proposition as elementary as the one now under consideration, the following cases will be found directly in point: *Johnson* v. *Northern Trust Co.*, 184 Ill. App. 549; *Allison* v. *Drake*, 145 Ill. 500, 32 N. E. 537; *McMurray* v. *Day*, 70 Iowa, 671, 28 N. W. 476; *Adams* v. *Sayre*, 76 Ala. 509.

Finally, the question arises whether the defendant can be given proper relief, in view that general relief is prayed for in the answer without praying for the specific relief, to which, in view of the foregoing opinion, he is entitled. That, in case general relief only is asked, any relief that is supported by the pleadings, and the evidence may be granted, is well settled. In *Rollins* v. *Forbes*, 10 Cal. 299, the rule is stated thus:

"If the specific relief asked cannot be granted, such relief as the case stated in the bill authorizes may be had under the clause in the prayer for general relief."

To the same effect are *Ross* v. *Purse,* 17 Colo. 24, 28 Pac. 473; *Davis* v. *Davis,* 9 Mont. 267, 23 Pac. 715; *Kleinschmidt* v. *Steele,* 15 Mont. 181, 38 Pac. 827; 1 Suth. Code Pl. & Pr. 111.

In view that it is more convenient to make and enter conclusions of law and judgment in the district court, we shall do no more than indicate and direct what the findings, conclusions of law, and judgment shall be.

The findings of fact and conclusions of law, so far as inconsistent with this opinion, are set aside, and the judgment reversed. The cause is remanded to the district court, with directions to make findings of fact and conclusions of law in conformity with the views expressed in this opinion, and to enter judgment requiring the plaintiff, as administratrix of the estate of Gertrude Roman, deceased, to execute and deliver to the defendant a proper deed of conveyance to all of the real estate described in the complaint that is in controversy in this action, and, in case said administratrix refuses to make such a conveyance, to direct that the judgment or decree entered shall constitute such conveyance; that the court adjudicate and declare the title to said real estate to be in the defendant and that he is the owner thereof, and that the title thereto be quieted in him; that the defendant be declared to be the sole owner of all the notes and mortgages in controversy; and that the administratrix also be required to execute and to deliver to the defendant proper and sufficient assignments to all of the notes and mortgages aforesaid.

It is further ordered that, in case there are sufficient assets in said estate, the costs and expenses of this appeal be by the district court ordered to be paid out of said estate, and, if there are no assets in said estate, then it is ordered that neither party to this appeal recover costs.

McCARTY and CORFMAN, JJ., concur.